THE STATE OF MISSOURI *ex rel.* JOHN P. STROTHER, Respondent, v. JOSEPH V. CHASE *et al.*, Appellants.

<div style="float:right">42 343<br>o156s 67</div>

### Kansas City Court of Appeals, December 1, 1890.

1. **Plats: EFFECT OF AMENDMENT OF 1887: ALLEYS.** The amendment of 1887 to the statute concerning plats only imposed two restrictions on the platter, *first*, that the "streets of all such additions, etc., shall conform to the streets of such city, etc., so that the streets and avenues of such additions or plats shall, as near as may be, run parallel with or be continuations on a straight line of the streets of said city," etc., and, *second*, that all taxes against the property proposed to be platted shall be paid. But there is no provision about the length, width or location of alleys which are not named in the amendment.

2. ——— : ——— : COMMON COUNCIL. The only authority given by the amendatory law to the common council is to approve the plat when these statutory requirements are fulfilled, and the council is powerless to declare other limitations or restrictions than those named by the statute, such as attempted in this case, the extension of an alley.

3. ——— : APPROVAL OF COUNCIL : MANDAMUS. Where the platter has done all the law demands, the approval of the plat by the council is merely a ministerial duty, the performance of which may be compelled by *mandamus*.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*D. D. Duggins*, for appellants.

( 1 ) This case must be determined by a construction to be given section 7310 of the Revised Statutes of 1889. If the action of the common council, in approving the plat by ordinance duly passed, was merely a ministerial duty, then the judgment of the circuit court, that far at least, was right. If, on the other hand, the council, under the statutes and laws, is given discretionary powers in the matter, the judgment is wrong and should be reversed. ( 2 ) The legislature has given the common council jurisdiction over the streets and alleys. R. S. 1889, sec. 1589 ; *Thrush v. Cameron*, 21 Mo. App. 398, cited and approved in *Crutchfield v. Warrensburg*, 30 Mo. App. 461. For the streets and alleys of a city are held by it in trust for the public uses and purposes, and none other. R. S. 1889, sec. 7313 ; *Glasgow v. St. Louis*, 15 Mo. App. 112–123 ; *Glasgow v. St. Louis*, 87 Mo. 678 ; *Sheedy v. Brick Co.*, 25 Mo. App. 529 ; *Building Co. v. Tel. Co.*, 88 Mo. 272 ; *Sugar Co. v. Grain Co.*, 82 Mo. 127. The law gives the council power to approve—this by necessary implication would create the power to disapprove the plat—and unquestionably gives them power to determine whether this alley, seven hundred and ten feet long, closed at one end, is of a public use. ( 3 ) " The courts are bound to

assume that, where a discretion is vested in a municipal body exercising functions of a legislative character, good reasons existed for the adoption of the regulation." *Miller v. Anheuser*, 2 Mo. App. 172; *Railroad v. Mayer*, N. Y. (1 Hilt.) 588; *Gibony v. Cape Girardeau*, 58 Mo. 143; *Keating v. Kansas City*, 84 Mo. 418; Cooley's Const. Lim. [3 Ed.] 232, side p. 209; *McCormack v. Patchen*, 53 Mo. 33. (4) It has often been held that the necessity of making a given improvement, within the limits of the charter powers of the city, is a question upon which the judgment of the legislative department of the city is conclusive. *O'Meara v. Green*, 16 Mo. App. 121, and cases cited; *Young v. St. Louis*, 47 Mo. 494; *Bohles v. Stanard*, 7 Mo. App. 55; *Shenan v. Martin*, 10 Mo. App. 289; *Huffman v. St. Louis*, 15 Mo. 651; *Railroad v. Maguire*, 49 Mo. 482; Cooley's Const. Lim. [3 Ed.] 231, side p. 207; *Allen v. Kenning*, 23 Mo. App. 568. (5) From the above quoted statutes and authorities I conclude that, in legislating by ordinance, approving or refusing to approve the plat, the city council was clothed with discretionary powers, and, when discretionary powers are given a subordinate body, *mandamus* will not lie to compel that body to do a specific act. High, Ex. Legal Rem., secs. 25, 325, 417, 418; *State ex rel. v. Field*, 37 Mo. App. 95, 101; 2 Dillon, Mun. Corp. [2 Ed.] sec. 669; *State ex rel. v. Cramer*, 96 Mo. 75, 83, 84; *United States v. Seaman*, 17 Howard, 225 (226 L. C. P. Co.); *Cox v. McGarrahan*, 9 Wallace, 298 (579 L. C. P. Co.).

*Strother & Strother* and *Sam'l Davis*, for respondent.

(1) Under the law as it stood prior to the act of 1887 (Acts, 1887, p. 227) any owner in fee of land could plat the same as an addition to any city, town or village near which it was located. No acceptance of this statutory dedication was required of the city, town, village or county, as the case might be, but the same was complete on the filing of the plat as aforesaid. *Reid v.*

*Board,* 73 Mo. 295, 304. The language is that the "plat" shall be "approved by the common council;" not that the dedication of land to public use shall be accepted by the common council. The dedication is still effective, as before, by virtue of the statute. 2 R. S. 1889, p. 1700, sec. 7313. (2) The council can make no requirement as to the plat not made by the law. *State ex rel. v. Flad,* 23 Mo. App. 185. No error was committed, therefore, in sustaining respondent's motion to strike out part of appellants' return to the alternative writ. The matter stricken out merely set up that appellants had a discretion in the matter of approving the plat, and that they had exercised that discretion. It did not allege that any requirement of the law in regard to plats had not been complied with. On the contrary, the preceding parts of the return expressly admit that the plat complied with the law. This being so, the duty to approve the plat was clear and imperative, and the approval of it a mere ministerial act, which can be compelled by *mandamus. State ex rel. v. McGrath,* 92 Mo. 355, 357; *State ex rel. v. Garesche,* 65 Mo. 480; *State ex rel. v. Lewis,* 71 Mo. 170; *State ex rel. v. Philips,* 97 Mo. 331, 340, *et seq.; State ex rel. v. Flad,* 23 Mo. App. 185; *State ex rel. v. Court,* 41 Mo. 221; *State ex rel. v. Court,* 41 Mo. 545; *State ex rel. v. Baker,* 32 Mo. App. 98, 101; *State ex rel. v. Osborn,* 24 Mo. App. 309; Moses on Mandamus [1 Ed.] chap. 5, pp. 61, 104, 132, 133.

GILL, J.—At the institution of this suit, in June last, relator, John P. Strother, was owner of a tract of land within the limits of the city of Marshall, Missouri, and, desiring to sell a portion thereof, he platted what he terms "Strother's Third Addition," designating lots 1, 2, 3 and 4, situated on the east side of his land, and abutting on a street already laid out, called "English avenue," which will fully appear by the accompanying map.

The State ex rel. Strother v. Chase.

W. H. LETCHER'S LAND.

A | 12-FOOT ALLEY. | C

BYBEE.

12-FOOT ALLEY.

J. P. STROTHER'S LAND.

60 feet wide.

60 | 170 feet. | 4
60 | 170 feet. | 3
60 | 170 feet. | 2
50 | 170 feet. | 1

B

ENGLISH AVENUE.

G. W. FOLCK.

D

PEARL STREET, 50 feet wide.

STROTHER'S 1ST ADDITION TO MARSHALL.

By this plat an alley, twelve feet wide, is laid out, beginning at the northeast end of Strother's land at "C," on the west line of English avenue, running thence west to "A," and thence south to "B," terminating abruptly at the south end of said proposed addition. The plat was in every way properly executed, signed and acknowledged as the statute prescribes, and was then by relator presented to defendants, the mayor and common council of Marshall, for approval. But they declined to approve such plat, and thereupon this action was brought to compel by *mandamus* the defendants to approve the same. Plaintiff was successful in the circuit court, and defendants have appealed.

The matter of objection by the common council of Marshall was that the alley did not continue south through plaintiff's land from "B" to "D," so as to have an opening at both ends. Plaintiff Strother declined this, for the double reason that he did not yet care to plat his other land, and because, too, this portion from B to D ( or a part thereof ) was mortgaged, and he was not in a condition, therefore, to plat the same. The council expressed a willingness to approve the plat if this alley was thus extended, otherwise not. The principal question here is, had the defendants, as mayor and council of Marshall, any authority or right to reject this plat because the alley was not laid out entirely through plaintiff's land? In determining this point, it becomes necessary to consider the statute bearing on the matter of plats.

Section 7309, Revised Statutes, 1889, reads as follows : " Whenever any city, town or village, or any addition to any city, town or village, shall be laid out, the proprietor of such city or addition, etc., shall cause to be made out an accurate plat or map thereof, particularly setting forth and describing, *first*, all parcels of ground within the town, etc., or addition, reserved for public purposes, by their boundaries, course and extent, whether they be intended for avenues, streets, lanes,

alleys, commons or other public uses ; and, *second*, all lots for sale, by numbers, and their precise length and width. [ And the streets of such additions to cities, towns or villages, or of plats of ground, except plats for cemetery purposes, shall conform to the streets of such city, town or village, so that the streets and avenues of such additions or plats shall, as near as may be, run parallel with, or be continuations on a straight line of, the streets of said city, town or village, and all taxes against the property proposed to be platted shall be paid." ]

Then follows section 7310, providing as follows : "Such map or plat shall be acknowledged by the proprietor before some court or officer authorized by law to take the acknowledgment of conveyances of real estate, and recorded in the office of the recorder of deeds of the county in which the land platted is situated. [ *Provided, however*, that no such plat of any addition to a city, town or village, or plat of ground, shall be so recorded until the same has been submitted to and approved by the common council of such city, town or village, by ordinance duly passed and approved by the mayor, and such approval thereof indorsed upon said plat, under the hand of the clerk and seal of said city, town or village, nor until all taxes against the same have been paid." ]

In quoting the foregoing sections we indicate by brackets the amendments made by act of the legislature approved March 19, 1887. Laws of 1887, p. 228. The statute prior to that date was the same as now, *exclusive* of the above parts inclosed by brackets.

Section 7313 of this same chapter relating to plats, provides that, when such map or plats have been thus made, acknowledged, certified and recorded, the same shall constitute a conveyance vesting the fee of such streets, etc., in such city, etc., for the public uses therein designated.

It will be observed then that prior to the act of 1887, in the matter of platting additions to cities or towns, the owner of the real estate was restrained only by the requirements of a correct map definitely and particularly showing the streets, alleys, etc., as well as setting out the accurate dimensions and numbers of lots intended for sale, and that the same should be signed, acknowledged and recorded. And by complying with these statutory regulations the platting and incidental dedications became complete. The city or town authorities had no business or concern with the matter. No acceptance on their part was needed, as was the case with common-law dedications, but a compliance with the statutory requirements filled the measure complete of a dedication to public uses. *Reid v. Board of Ed.*, 73 Mo. 304.

The question now suggests itself, what additional restrictions or limitations are put on the land-owner by the act of 1887 ? The only restrictions expressly named are these two, to-wit, *first*, that "the streets of all such additions, etc., shall conform to the streets of such city, etc., so that the streets and avenues of such additions or plats shall, as near as may be, run parallel with, or be continuations on a straight line of, the streets of said city," etc., and, *second*, that all the taxes against the property proposed to be platted shall be paid. Nothing is said in this amendatory statute about the length, width or location of alleys—indeed, alleys are not named in the act at all. The *streets* of the addition must conform, as near as may be, to those of the old town, and the taxes on the property have been paid. Clearly then two objects were sought,—a remedy for two evils,—*first*, to prevent a want of harmony or symmetry between the streets of the old town and those of the addition, and, *second*, to secure payment of delinquent taxes.

In construing statutes we look first to the old law, then to the mischief and, third, to the remedy

proposed. Sedgwick on Const. of Stat. Law, 198. We have discussed here the law as it was before the act of 1887. This mischief aimed at is apparent from the face of the new statute. It is a matter of common knowledge that, at the time of this legislation (1887), real-estate speculation was rife throughout the state. Numerous additions to cities and towns were being platted, and in such a manner, too, that while increasing the number of salable lots there arose a most perplex-ing discord or want of harmony between the old and new streets and avenues. 'It was to check this that brought about this amendment to the law of platting additions. To achieve the object, and render effectual that provision requiring conformity of the new to the old streets, another provision was inserted in the same act to the effect that the plat should be submitted to the city authorities for approval before being admitted to record.

We are of the opinion, then, that in the chapter of our statutes regarding plats are contained all the limit-ations and restrictions intended to be imposed on the platter, that the act of 1887 simply added two, and only two, additional qualifications or restrictions on the power to plat, and that the only authority given by that amendatory law to the common council is to approve the plat when these statutory requirements are ful-filled. These limitations and restrictions on the platter are expressly named by the statute, and the common council of the municipal government is powerless to declare others. *State ex rel. v. Flad*, 23 Mo. App. 189.

In demanding of plaintiff Strother that he should extend the alley marked in the plat, or that they would not approve the same, the defendants were attempting to annex conditions not by law provided for. This was clearly outside their authority or power. The legisla-ture has prescribed the limits for the land-owner in platting an addition, and the city council cannot add thereto. In platting his addition plaintiff was not

required by the statute to continue the alley through from street to street. Indeed, he need not have any alley at all. The width, length, course or distance of the alley, or whether conforming to alleys adjacent, are matters about which the statute has made no provision. And since the legislature has seen fit to impose no such restrictions the city council of Marshall cannot.

It appears then from the foregoing considerations that the plaintiff Strother has, undeniably, done and performed all the law requires to entitle him to the approval of his plat. He has a clear, legal right to call upon the defendants to so indorse the same, that he may file it for record, and thereby accomplish the legal platting of the addition. The plaintiff having done on his part all the law demands, the approval of the plat by defendants is merely a ministerial duty required of them, the performance of which may be compelled by *mandamus.* *State ex rel. v. McGrath,* 92 Mo. 357; *State ex rel. v. Garesche,* 65 Mo. 489; *State ex rel. v. Meyers,* 80 Mo. 601–609; *State ex rel. v. Baker,* 32 Mo. App. 101; 41 Mo. 222–545.

The judgment of the circuit court, therefore, is affirmed. All concur.