FRANK J. TUITE *v.* ROSELLE E. TUITE

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

346

Argued February 6—decided February 26, 1963

*Henry T. Istas,* for the appellant (defendant).

*D. Stephen Gaffney,* with whom were *Bernard D. Gaffney* and, on the brief, *Leo V. Gaffney,* for the appellee (plaintiff).

ALCORN, J. The defendant has appealed from a judgment rendered by the Superior Court in favor of the plaintiff in an action of peaceable entry and forcible detainer brought under § 52-462 of the General Statutes. No finding was requested or made. Our inquiry, therefore, must be confined to error which appears on the face of the record. Practice Book § 385; Maltbie, Conn. App. Proc., p. 155. The memorandum of decision cannot take the place of a finding. *Gitlitz* v. *Davis,* 146 Conn. 280, 281, 150 A.2d 213; Maltbie, op. cit., p. 188. We therefore examine the pleadings for such facts as they disclose.

It appears that the plaintiff exhibited his complaint, dated April 10, 1962, to a judge of the Superior Court, as provided by § 52-462 of the General Statutes, alleging that the defendant had, without his consent and against his will, unlawfully entered into and upon certain described premises belonging to the plaintiff and thereafter had unlawfully and unjustly remained in possession, entered and re-entered to obtain possession, held and detained the premises with force and strong hand, and deforced and kept the plaintiff out of possession. The judge to whom the complaint was exhibited cited the defendant to appear before him on April 17, 1962, and, on that date, certified the plaintiff's application and the proceedings thereon to the court. On the same date, the defendant failing to appear, a default judgment in favor of the plaintiff was rendered. On April 27, 1962, pursuant to the defendant's motion, the default judgment was opened. On May 4, 1962, the defendant filed a plea in abatement and to the jurisdiction, grounded, in substance, on the pendency of another action in the Superior Court in Hartford County, identified only as No. 126795. The plea was overruled, and the defendant filed an answer, pleading no information as to the plaintiff's allegation of title and denying the other allegations of the complaint. The parties were heard on the issues thus framed, and, on May 16, 1962, the judgment appealed from was rendered, in which the issues were found for the plaintiff and it was ordered that he be restored to and reseized of the premises and that a writ of restitution issue forthwith.

The defendant makes seven assignments of error, the treatment of which, in the brief, is such that it appears most expeditious to consider them as

though none have been abandoned. The first assignment is that the court erred in refusing to vacate the default judgment; the second is that the trier erred in hearing the case as a judge when court was in session; and the third is that the trier failed to certify the proceedings to the court on April 17 prior to rendering the default judgment. The first and third claims of error are not borne out by the record. The second claim of error finds no support in the record or in the applicable statutes. General Statutes §§ 52-462, 52-463. The fourth assignment is that the trier failed and refused to disqualify himself at the trial which followed the opening of the default. This assignment is ineffective because the record does not disclose either a request for such a disqualification or any basis for it. The fifth assignment is that the court erred in refusing to sustain the plea in abatement and to the jurisdiction "for the reasons set forth therein." We take judicial notice of the fact that the case referred to in the plea is an action pending in the Superior Court in Hartford County on an unrelated subject and between other parties. Consequently, the ground stated in the plea was insufficient, and the plea was properly overruled.

The sixth and the seventh assignments of error purport to attack factual conclusions of the court. Lacking a finding, we consider the facts appearing on the face of the record. The judgment found the issues for the plaintiff, which means that all material and disputed allegations in the pleadings were found for him. *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 509, 95 A.2d 260. The plaintiff had, in substance, alleged that he was in possession of the premises at the time of the alleged wrongful acts of the defendant; *Lee* v. *Stiles,* 21 Conn. 500, 504;

and that the defendant had, without his consent and against his will, unlawfully entered and remained in possession, held and detained the premises with force and strong hand, and deforced and kept the plaintiff out of possession. By finding this contested issue in favor of the plaintiff, the court sufficiently found the facts necessary under § 52-463 of the General Statutes to warrant the judgment in the plaintiff's favor. *Orentlicherman* v. *Matarese,* 99 Conn. 122, 128, 121 A. 275. Without subordinate facts before us with which to test the court's conclusion, we must affirm the judgment.

There is no error.

In this opinion the other judges concurred.