BRUCE R. CARPENTER ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF STONINGTON ET AL.

BRUCE R. CARPENTER ET AL. *v.* ROBERT S. JONES ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

582

Argued October 4, 1978—decision released February 13, 1979

*Charles M. Tighe,* for the appellants (plaintiffs in both cases).

*Joseph J. Purtill,* for the appellee (named defendant in the first case).

*Richard C. Stewart,* with whom was *John W. Roberts,* for the appellees (defendants Robert S. Jones and Kenneth B. Tate in both cases).

LONGO, J. In these cases, the plaintiffs, Bruce R. Carpenter et al., have appealed from separate judgments of the Superior Court and the Court of Common Pleas sustaining the pleas in abatement by the defendants in each case. The plaintiffs' appeals arise out of a common nucleus of facts and are sufficiently similar to permit their disposition in one opinion.

No finding was requested or draft finding filed, but the facts necessary for a consideration of the issues raised are uncontroverted as summarized in

the briefs. On August 19, 1975, Robert S. Jones and Kenneth B. Tate, the defendants in both cases (hereinafter the defendants), submitted to the defendant planning and zoning commission of the town of Stonington, a defendant in the first case only (hereinafter the commission), an application for approval of a plan of subdivision of a tract of land in Stonington, in accordance with § 8-26 of the General Statutes. On October 21, 1975, the commission approved the application for subdivision, subject to the approval of the Stonington highway superintendent and the posting of a bond. No further action was taken by the commission.

Because òf the commission's inaction, the defendant Jones requested the commission to issue a certificate of approval of subdivision, pursuant to General Statutes § 8-26. When the demand was refused, Jones brought an action against the commission, claiming a writ of mandamus[1] compelling the commission to issue a certificate of approval. In that case a stipulated judgment, approved by the Superior Court, stated that the subdivision was approved by reason of the commission's failure to

---

[1] The plaintiffs in the present action attempted to intervene as parties defendant in the mandamus action in the Superior Court dated January 14, 1976; *Jones* v. *Ricker,* Superior Court, New London County, No. 47180; alleging that they were owners and occupants of nearby premises whose property would be specially and adversely affected by the development of the proposed subdivision and whose right of appeal prescribed by § 8-28 of the General Statutes would be denied by the issuance of the certificate of approval sought in the mandamus action. The plaintiffs' motion was denied, and their appeal to this court was dismissed. *Jones* v. *Ricker,* 172 Conn. 572, 375 A.2d 1034 (1977). Significantly, in that case we said that "[w]hat relief the movants might have in a proper independent action is not for this court to determine." Id., 576. The present appeal involves that "independent action."

act within the sixty-five day period provided in § 8-26. The court ordered the issuance of the certificate on January 28, 1976.[2]

On June 1, 1976, the plaintiffs in *Carpenter* v. *Planning & Zoning Commission* appealed to the Court of Common Pleas, alleging that, notwithstanding a contrary finding by the Superior Court in the mandamus action, the commission had decided to approve the defendants' subdivision at its meeting on October 21, 1975. The plaintiffs further alleged that (1) the commission acted arbitrarily and illegally; (2) the commission failed to publish notice of its decision; and (3) the plaintiffs were aggrieved by the action of the commission.

On June 4, 1976, the plaintiffs in *Carpenter* v. *Jones* instituted an action in the Superior Court seeking injunctive relief against the subdivision of the defendants' land, claiming that the decision of the commission was void by reason of the commission's failure to publish the notice of its decision as required by General Statutes § 8-26.

---

[2] Following the Superior Court's action ordering the issuance of a certificate of approval, the plaintiffs herein instituted a flurry of actions in the Superior Court and the Court of Common Pleas seeking to overturn the subdivision approval and/or the granting of the writ of mandamus. Most notably, the plaintiffs sought to enjoin Jones and Tate from subdividing their land by an action in the Court of Common Pleas dated April 21, 1976. *Carpenter* v. *Jones,* Court of Common Pleas, New London County, No. 27048. In a second count in that action, the plaintiffs purported to appeal from the original "approval" or "official actions" of the commission relative to the subdivision, praying for an order declaring the commission's action null and void. On June 3, 1976, the court (*N. Levine, J.*) sustained the defendants' plea in abatement on the ground that the plaintiffs' remedy was by way of appeal from the subdivision approval by the commission under General Statutes § 8-28, that the plaintiffs had failed to prosecute an appeal under § 8-28, and, thus, injunctive relief was barred. The significance of that ruling will be noted in this opinion.

A plea in abatement was filed by the individual defendants and by the commission in the first case and a similar plea was filed by the individual defendants in the second case, claiming that the respective courts lacked jurisdiction (1) to hear the appeal (*Carpenter* v. *Planning & Zoning Commission*) or (2) to grant injunctive relief (*Carpenter* v. *Jones*) because the plaintiffs had failed to prosecute an appeal within the time period prescribed by General Statutes § 8-28.[3] More particularly, the defendants alleged that the commission had failed to act on the subdivision plan within sixty-five days as required by § 8-26 and that, as a result, "inferred approval" had followed.[4] The sole remedy from such an inferred approval, the defendants asserted, was an appeal filed within twenty days after the expiration of the sixty-five day period provided in § 8-26 and, the plaintiffs having failed to appeal within that period, the appeal was abatable for lack of jurisdiction. The plaintiffs, in both cases, filed answers to the pleas in abatement in which they denied each of the defendants' allegations.

On September 30, 1976, the Court of Common Pleas (*Allen, J.*), without taking evidence, sustained the pleas in abatement before it on the ground that the statutory appeal period had expired before the

---

[3] "[General Statutes] Sec. 8-28. APPEALS. . . . In those situations where the approval of the planning commission must be inferred because of the failure of the commission to act on an application, any person aggrieved by such approval may appeal therefrom within twenty days after the expiration of the sixty-five-day period prescribed in section 8-26 for action by the commission. . . ."

[4] General Statutes § 8-26 provides, in part, that "[t]he failure of the commission to act . . . [on an application] shall be considered as an approval, and a certificate to that effect shall be issued . . . upon demand."

filing of the appeal by the plaintiffs. On April 12, 1977, the Superior Court (*Santaniello, J.*), without taking evidence, sustained the plea in abatement before it on the ground that the plaintiffs' sole remedy from the actions of the commission was by appeal to the Court of Common Pleas. From the judgments rendered on the pleas in abatement sustained the plaintiffs have appealed to this court, claiming that both trial courts erred in concluding (1) that the commission "failed to act" upon the subdivision application within the meaning of General Statutes § 8-26 and (2) that the plaintiffs' sole remedy was an appeal to the Court of Common Pleas.

When a party wishes to plead to the jurisdiction of the court, he may do so either by a motion to erase or a plea in abatement. While a motion to erase admits all well pleaded facts and must be decided upon the face of the record alone; *Tuccio* v. *Zehrung*, 164 Conn. 231, 232, 319 A.2d 406 (1973); *Brown* v. *Cato*, 147 Conn. 418, 419, 162 A.2d 175 (1960); a plea in abatement is the proper pleading when the ground of abatement is want of jurisdiction and the facts relied upon do not appear in the record. Practice Book, 1963, § 93;[5] *Rybinski* v. *State Employees' Retirement Commission*, 173 Conn. 462, 463, 378 A.2d 547 (1977); *Kohn Display & Woodworking Co.* v. *Paragon Paint & Varnish Corporation*, 166 Conn. 446, 448, 352 A.2d 301 (1974). A plea in abatement requires a responsive pleading by the opposing party, but when facts alleged in the plea are put in issue by the responsive pleading, the burden of

[5] As of July 1, 1978, pleas in abatement and motions to erase are abolished. In place thereof, the motion to dismiss is the proper vehicle for claiming *any* lack of jurisdiction in the trial court. Practice Book, 1978, § 3110.

proving the facts alleged is upon the party making the plea and a failure to put on such evidence requires the court to overrule the plea. *Murphy* v. *Dantowitz*, 142 Conn. 320, 324, 114 A.2d 194 (1955).

As may appear from the recitation of facts set forth earlier in this opinion, the litigation of the present cases pursued a somewhat complicated course. One fundamental controversy, however, underlies both appeals. The plaintiffs have claimed throughout that the commission did *not* "fail to act" upon the defendants' plan of subdivision; that at the commission's meeting on October 21, 1975, the commission illegally approved the defendants' application, as that approval was subject to the posting of a bond and the approval of the highway superintendent, which conditions never materialized; and, finally, that the commission failed to publish notice of its decision as required by law and thus no appeal period ever commenced. The defendants have responded throughout, by way of pleas in abatement in both cases, that the commission's only authority under General Statutes § 8-26 is to "approve, modify and approve, or disapprove any subdivision . . . application . . . within sixty-five days after the submission thereof"; that the commission failed to take one of the enumerated actions within sixty-five days after the submission of the plan on August 19, 1975; that such inaction resulted in an inferred approval of the plan; and that the statutory right to take an appeal within twenty days of the expiration of the sixty-five day period following such an inferred approval had expired prior to the plaintiffs' appeal on June 1, 1976.

In order for the Court of Common Pleas, in *Carpenter* v. *Planning & Zoning Commission*, to sustain

the defendants' pleas in abatement, the court had to find, as a matter of either fact or law, that there had been an inferred approval of the subdivision plan by reason of the commission's failure to act upon the plan within the sixty-five day period set forth in § 8-26, setting in motion a twenty day appeal period thereafter under § 8-28, which the plaintiffs failed to pursue. In *Carpenter* v. *Jones* the Superior Court had to find not only the above but also that the plaintiffs' sole remedy was an appeal under § 8-28 from the inferred approval, not a remedy by way of injunctive relief.

Ordinarily, and particularly in the context of these appeals, a finding is necessary to test the conclusions of the trial court reached on a plea in abatement. Practice Book, 1978, § 3020; *Leonard* v. *Zoning Board of Appeals,* 151 Conn. 646, 648, 201 A.2d 466 (1964). No finding was requested or made in this case. "The absence of a finding does not necessarily preclude action by this court. We are, however, limited in our inquiry to the material facts which appear on the record."[6] *Robertson* v. *Robertson,* 164 Conn. 140, 142, 318 A.2d 106 (1972); see *Zachs* v. *Public Utilities Commission,* 171 Conn. 387, 390, 370 A.2d 984 (1976). The record here consists of the pleadings, the judgment and the trial courts' memoranda of decision. The courts' memoranda do not establish facts and cannot take the place of a finding. "We may, however, consult the memorand[a] for a better understanding . . . of the

---

[6] Although the scope of our inquiry is limited by the absence of a finding, a sufficient record is presented for the determination of these appeals. We thus decline the defendants' invitation to refrain from deciding these appeals; see *St. Pierre* v. *St. Pierre,* 172 Conn. 11, 12, 372 A.2d 129 (1976); on the ground that no basis exists for determining the merits of the plaintiffs' claims.

court[s'] decision[s]." *Davenport Taxi, Inc.* v. *State Labor Commissioner,* 164 Conn. 233, 235, 319 A.2d 386 (1973).

The fact that both courts adjudged the issues raised by the pleas in abatement for the defendants "means that all material and disputed allegations in the pleadings were found for [them]." *Tuite* v. *Tuite,* 150 Conn. 345, 348, 189 A.2d 394 (1963); *Williamson's Appeal,* 123 Conn. 424, 427, 196 A. 770 (1937). This includes the defendants' allegations that "the commission failed to approve, modify and approve, or disapprove the subdivision plan within sixty-five days after its submission on August 19, 1975, as required by the General Statutes"; that "the failure of the commission to act on a subdivision application within sixty-five days after the date of submission is deemed to be an inferred approval thereof"; that "the sole remedy for parties 'aggrieved' by such an inferred approval is by appeal . . . within twenty days of the expiration of the sixty-five day period"; and that "the plaintiffs herein failed to file such an appeal." Since the trial courts, by their decisions, found these facts for the defendants, our inquiry is limited to a determination of whether the trial courts correctly applied the law relative to pleas in abatement to the above-found facts. *Zachs* v. *Public Utilities Commission,* supra, 391; *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 510, 95 A.2d 260 (1953).

A review of the memorandum of decision in *Carpenter* v. *Planning & Zoning Commission* reveals that the Court of Common Pleas sustained the defendants' pleas in abatement on three grounds. First, the court, with the consent of all of the parties, took judicial notice of the minutes of the

October 21, 1975 meeting of the commission. Those minutes indicated that the commission "approved" the defendants' subdivision plan, "subject to posting a bond and approval of the highway superintendent." Second, the court took judicial notice of the file in *Carpenter* v. *Jones,* Court of Common Pleas, New London County, No. 27048, April 21, 1976. Specifically, the court judicially noticed Judge N. Levine's memorandum of decision on the plea in abatement and motion to erase, wherein he concluded that the present plaintiffs either intentionally or negligently failed to prosecute under General Statutes § 8-28 a timely appeal from the nonaction of the commission. Third, the trial court took judicial notice of the findings of Judge J. Shea in the previous mandamus action filed by the defendants; *Jones* v. *Ricker,* 172 Conn. 572, 375 A.2d 1034 (1977); and the stipulated judgment in that case stating that the subdivision was approved by reason of the commission's failure to act. On the basis of those facts not apparent "on the face of the record"; Practice Book, 1978, § 3020; the defendants argued, and the court agreed, that the action taken by the commission in *conditionally* approving the subdivision plan was not an action enumerated in § 8-26, and that this action thus constituted a "failure to act" within the meaning of that statute. We agree.

Where, as here, the defendants denominated their pleading a plea in abatement specifically to allow the court to consider matters not apparent on the face of the record, it was well within the power of the trial court to take judicial notice of court files of other suits between the same parties and of the minutes of the commission's meeting. *Nichols* v. *Nichols,* 126 Conn. 614, 622, 13 A.2d 591 (1940); see *Guerriero* v. *Galasso,* 144 Conn. 600, 605, 136

A.2d 497 (1957); *Davis* v. *Maislen,* 116 Conn. 375, 383–84, 165 A. 451 (1933); *McCleave* v. *Flanagan Co.,* 115 Conn. 36, 38, 160 A. 305 (1932); see 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 106. Those files and the minutes of the meeting indicated that the commission approved, but only conditionally, the defendants' subdivision application. Reviewing the court files and the minutes, the Court of Common Pleas concluded that a "conditional approval" is not one of the possible courses of action, i.e., "approval, modification and approval, or disapproval," enumerated in General Statutes § 8-26, and thus, such conditional approval constituted a "failure to act" within that statute. The trial court was correct in this interpretation of § 8-26.

Nothing in the subdivision approval statute, § 8-26, allows for the imposition of conditions upon the planning and zoning commission's approval of a subdivision plan; the statute merely provides for the commission to "approve, modify and approve, or disapprove" a subdivision application. Neither are we confronted with any local regulation of the town of Stonington which would authorize the imposition of conditions on a subdivision approval. We have held, albeit in a different context, that commission action which is dependent for its proper functioning on action by other agencies over which the zoning commission has no control cannot be sustained unless the necessary action appears to be a probability. *Stiles* v. *Town Council,* 159 Conn. 212, 221, 268 A.2d 395 (1970). Similarly, where, as here, the approval is subject to a condition over which neither the commission nor the subdivision applicant has control, such action is not an "approval" within § 8-26. We hold that where a commission makes the approval of a plan of subdivision subject to a con-

dition, the fulfillment of which is within the control of neither the commission nor the applicant, such as approval by a coordinate municipal agency, the commission has "failed to act" within the intendment of General Statutes §§ 8-26 and 8-28, unless the coordinate agency approval appears to be a reasonable probability.[7]  *Stiles* v. *Town Council,* supra; *Luery* v. *Zoning Board,* 150 Conn. 136, 145, 187 A.2d 247 (1962).  As there is no indication in the record that the approval of the highway superintendent was a reasonable probability, the commission did not properly "approve, modify and approve, or disapprove" the defendants' subdivision application, and, thus, an "inferred approval" under § 8-26 took place sixty-five days after the date of the submission of the application.  Since the plaintiffs' twenty-day appeal period had expired at the time their appeal was filed, the trial court did not err in determining that it lacked jurisdiction.

In reaching this conclusion, we note that in *Lurie* v. *Planning & Zoning Commission,* 160 Conn. 295, 278 A.2d 799 (1971), we stated that the rule enunci-

---

[7] We do not construe the imposition of conditions on a commission's "approval" of a subdivision plan to be an "approval and modification" within § 8-26 if those conditions cannot be fulfilled by the commission or subdivision applicant within a reasonable time. In *Crescent Development Corporation* v. *Planning Commission,* 148 Conn. 145, 168 A.2d 547 (1961), we approved the imposition of a condition on a subdivision approval; the condition, however—the building of a road by the subdivider—was within the control of the subdivider.  No action by a coordinate agency was necessary.  Similarly, in *Nicoli* v. *Planning & Zoning Commission,* 171 Conn. 89, 368 A.2d 24 (1976), a condition imposed on a subdivision approval required the construction, by the subdivision applicant, of a road to connect with existing public roads.  In both cases, it was reasonably probable that the conditions would be fulfilled.  Moreover, both cases involved local zoning regulations specifically requiring that proposed roads connect to existing roads, a factor not present in the instant case.

ated in *Stiles* did not strictly apply to instances of "exceptions and special use permits," and further stated (p. 307) that "where an *exception or a special permit* is granted and the grant is otherwise valid except that it is made reasonably conditional on favorable action by another agency or agencies over which the zoning authority has no control, its issuance will not be held invalid solely because of the existence of any such condition." (Emphasis added.) *Lurie,* however, is inapplicable to the present case for a number of reasons. First, in *Lurie,* we construed a statute, General Statutes § 8-2, which expressly provided that the commission was authorized to impose conditions as a prerequisite to certain uses of lands. No such express statutory authority is found in § 8-26 or § 8-28. Second, in *Lurie,* the town of Westport had enacted zoning regulations, pursuant to the authority of § 8-2, which provided for design development districts and for their use upon the issuance of a special permit "subject to appropriate conditions and safeguards." Id., p. 299. No such local regulations permitting the imposition of conditions are in issue in the present case. Finally, the rule in *Lurie* is appropriately applicable in cases involving the conditional issuance of special permits for design development districts resulting in "floating zones." In this context, there exists statutory authority under § 8-2 for the imposition of conditions on the allowance of a special land use, as indicated by the 1959 amendment to § 8-2; Public Acts 1959, No. 614, § 2; broadening the power of a zoning commission by authorizing conditional issuance of special permits to allow for future, cooperative municipal agency action in the development of the "floating zone." See *Summ* v. *Zoning Commission,* 150 Conn. 79,

86, 186 A.2d 160 (1962). No such legislative history or intent authorizing the imposition of conditions is found in General Statutes § 8-26.

We are of the view that the general rule against "conditional" commission action enunciated in *Stiles* controls the present case. The rule formulated in *Lurie* is an exception to *Stiles* and has no proper application in a case of subdivision approval.[8]

Our reading of § 8-26 in the above manner is consonant with the intent underlying this statute and with the interpretation given by other courts to similar statutes. First, § 8-26 provides for publication of notice of a commission's decision in the following manner: "Such notice shall be a simple statement that such application was approved, modified and approved, or disapproved, together with the date of such action." The wording of this sentence is particularly important and reinforces the obvious legislative intention that the only "decision" of the commission which the statute contemplated was "approval, modification and approval, or disapproval." A publication of notice of any other "deci-

---

[8] We note in passing that the rule in *Lurie* v. *Planning & Zoning Commission*, 160 Conn. 295, 278 A.2d 799 (1971), applied in that case to exceptions and special permits, has not, since that case, ever been applied by this court to a case not involving a special permit or exception. On the other hand, the rule in *Stiles* v. *Town Council*, 159 Conn. 212, 268 A.2d 395 (1970), was followed and applied twice in the year following the decision in *Lurie*, in one instance, without even the citation of *Lurie*. See *Wilson* v. *Planning & Zoning Commission*, 162 Conn. 19, 25, 291 A.2d 230 (1971) (municipal action which is dependent for its proper functioning on action by other agencies over which the zoning commission has no control cannot be sustained unless the necessary action appears to be a probability); *Jarvis Acres, Inc.* v. *Zoning Commission*, 163 Conn. 41, 50, 301 A.2d 244 (1972). In light of this, we view *Stiles* not only as surviving *Lurie*, but as a statement of the present law concerning commission action subject to conditions not within the control of an applicant or the commission.

sion" by the commission would not comport with the language of the statute. We reject the plaintiffs' contention that the statute was designed to create an inferred approval only where the commission is *silent* upon the submission of a subdivision plan. Such a reading would render nugatory the legislative intent to have published a notice of one of the commission's actions enumerated in § 8-26. The statutory requirement of publication of notice is a matter of substance and "of the essence of the thing to be accomplished, not a matter of mere procedure or convenience"; *Akin v. Norwalk,* 163 Conn. 68, 74, 301 A.2d 258 (1972); and should be strictly construed.

Moreover, many courts have held, upon reviewing statutes similar to General Statutes §§ 8-26 and 8-28, that where, as here, a condition is imposed not authorized by the particular statute, the condition may not stand. *Wine v. Council of City of Los Angeles,* 177 Cal. App. 2d 157, 2 Cal. Rptr. 94 (1960); *State ex rel. Strother v. Chase,* 42 Mo. App. 343 (1890); *Midtown Properties, Inc. v. Township of Madison,* 68 N.J. Super. 197, 172 A.2d 40 (1961). This view is also shared by prominent commentators on the law of zoning and planning. See, e.g., 4 Anderson, American Law of Zoning (2d Ed.) § 23.24, p. 105; 2 Yokley, Zoning Law & Practice (3d Ed.) § 12-7, p. 49.

This rule is particularly appropriate in cases where the condition imposed cannot be fulfilled by the action of the applicant, but must wait for an undetermined time for the approval of a coordinate municipal agency. The legislative purpose behind General Statutes §§ 8-26 and 8-28, to secure, in the public interest, by means of rather brief appeal

time periods, a speedy determination of the issues involved; *Carbone* v. *Zoning Board of Appeals,* 126 Conn. 602, 607, 13 A.2d 462 (1940); will best be facilitated if subdivision applicants know with certainty that a definite course of statutory action has been taken by a commission, setting in motion clear avenues of appeal. Cf. *Daly* v. *Board of Police Commissioners,* 133 Conn. 716, 719, 54 A.2d 501 (1947). In sum, we hold that an "approval" subject to a condition, the fulfillment of which is not within the control of the applicant, or in which an approval by a coordinate agency is not shown to be a reasonable probability, is not an "approval" within § 8-26 of the General Statutes, and such an approval is thus a "failure to act"[9] within the meaning of that statute.[10]

---

[9] The plaintiffs point out that in *Farr* v. *Eisen,* 171 Conn. 512, 370 A.2d 1024 (1976), this court held that a failure to publish notice of a decision under §§ 8-26 and 8-28 was not equivalent to a "failure to act" within that statute, and argue that *Farr* dictates that, similarly, in the present case, although a conditional approval may be an illegal approval, it is nonetheless "action" within the statute. We disagree. In the present case, we have decided that the commission's "conditional approval" was equivalent to a "failure to act" under the statutes. In *Farr,* there was no question that the commission took "action" by denying the subdivision application, and the only issue presented in *Farr* was whether a subsequent failure to publish notice of decision amounted to a "failure to act" within § 8-26. We do not reach that issue in the present case, as we have determined that, at the outset, the commission's conditional approval was tantamount to a "failure to act."

[10] In a situation such as that posed in the present cases, if approval of a subdivision must await the approval of another municipal agency, a commission may avoid the result of an "inferred approval" by securing from the applicant an extension of time within which it must act under § 8-26. See *Metropolitan Homes, Inc.* v. *Town Planning & Zoning Commission,* 152 Conn. 7, 13–14, 202 A.2d 241 (1964). In the alternative, if an approval involves conditions not within the control of an applicant, a commission may avoid an "inferred approval" by *disapproving* the plan of subdivision if the condition is not met within the statutory time periods.

In view of our discussion thus far, little remains to be said concerning the appeal in *Carpenter* v. *Jones,* in which the plaintiffs sought equitable relief in the form of an injunction restraining the defendants from subdividing their land. The Superior Court sustained the defendants' plea in abatement on the ground that the plaintiffs' sole remedy from the actions of the commission was by appeal under General Statutes § 8-28. In sustaining the plea in abatement, the court took into account the various court files mentioned earlier in this opinion, and determined that an inferred approval of the subdivision application had taken place, setting in motion an appeal period which the plaintiffs failed to pursue; thus, injunctive relief was barred. We agree.

We have frequently stated that when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33, 193 A.2d 483 (1963); *State Water Commission* v. *Norwich,* 141 Conn. 442, 447, 107 A.2d 270 (1954); *McNish* v. *American Brass Co.,* 139 Conn. 44, 53, 89 A.2d 566 (1952), cert. denied, 344 U.S. 913, 73 S. Ct. 336, 97 L. Ed. 704 (1953); cf. *Connecticut Light & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 357, 377 A.2d 1099 (1977); *Boucher Agency, Inc.* v. *Zimmer,* 160 Conn. 404, 410, 279 A.2d 540 (1971). The only relevant exception to this rule is where the administrative action is void. *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 93, 111 A.2d 552 (1955). As we have rejected the plaintiffs' argument that the commission's action was void and have held that it was a "failure to act," the *Smith*

case is inapposite. We are of the opinion that the Superior Court did not err in sustaining the defendants' plea in abatement; a failure to pursue a statutory remedy of appeal "cannot be the cornerstone of an action in equity." *Boucher Agency, Inc.* v. *Zimmer,* supra, 410.

There is no error.

In this opinion COTTER, C. J., LOISELLE and PETERS, Js., concurred.

BOGDANSKI, J. (dissenting). I cannot agree that the approval of a subdivision plan subject to approval by a coordinate governmental agency is not an "approval" within the meaning of § 8-26 or that this action constitutes a "failure to act" within the meaning of the inferred approval section of the statute. To hold as the majority does is to depart significantly from existing law[1] and to make a major policy decision without the reasons for this change in the court's position being given.

I would point out first that § 8-26, by its terms, neither expressly permits nor prohibits the imposition of conditions upon a planning commission's approval of a subdivision plan. In my view the language of § 8-26 which authorizes a commission to "modify and approve" subdivision plans and the broad police powers as to traffic, health, safety and welfare conferred on planning commissions by § 8-25 clearly imply the existence of authority to impose reasonable conditions upon a grant of subdivision approval.

---

[1] *Nicoli* v. *Planning & Zoning Commission,* 171 Conn. 89, 368 A.2d 24 (1976); *Lurie* v. *Planning & Zoning Commission,* 160 Conn. 295, 278 A.2d 799 (1971); *Crescent Development Corporation* v. *Planning Commission,* 148 Conn. 145, 168 A.2d 547 (1961).

It is well settled law in this and other jurisdictions that the imposition of conditions upon a grant of subdivision approval is permissible as long as the conditions imposed are authorized by the enabling statutes and the subdivision control regulations duly adopted by the planning and zoning commission. *Langbein* v. *Planning Board,* 145 Conn. 674, 146 A.2d 412 (1958); *Castle Estates, Inc.* v. *Park & Planning Board,* 344 Mass. 329, 182 N.E.2d 540 (1962); *Billings Properties, Inc.* v. *Yellowstone County,* 144 Mont. 25, 394 P.2d 182 (1964). In his treatise on the law of zoning, Anderson states that subdivision approval may properly be conditioned upon approval by coordinate municipal agencies when the enabling statutes expressly so provide, or, in the absence of express statutory authorization, when the enabling acts include references in their statement of purpose to the particular subject of subdivision control involved, in this case, for example, the prevention of traffic hazards. 4 Anderson, American Law of Zoning (2d Ed.) § 23.14, p. 74.

The question of the validity of a planning and zoning commission action made subject to approval by other coordinate agencies was before this court in the 1971 case of *Lurie* v. *Planning & Zoning Commission,* 160 Conn. 295, 278 A.2d 799. In that case, the defendant planning and zoning commission rezoned a sixty-two acre tract from a residential to a design development district and granted a special permit to the defendant Famous Artists Schools, Inc., to use the area for its corporate purposes. The plaintiffs argued that the commission, in granting the special permit, acted illegally by conditioning its approval upon the effectuation of certain offsite highway and traffic changes, requiring action or approval by municipal agencies over which the com-

mission had no control. As authority for this proposition, the plaintiffs cited the case of *Stiles* v. *Town Council,* 159 Conn. 212, 268 A.2d 395 (1970), where this court had held (p. 221) that "a change of zone which is dependent for its proper functioning on action by other agencies and over which the zoning commission has no control cannot be sustained unless . . . the necessary action appears to be a probability." After examining closely the history of the rule enunciated in *Stiles* and relied on by the plaintiff, this court in *Lurie,* speaking through *House, J.,* concluded (p. 307) that the strict application of that rule "to instances of exceptions and special use permits may often prevent desirable changes where the accomplishment of the change depends on cooperative or dependent action by the zoning authority and other municipal agencies over which it has no control. . . . In many circumstances . . . other municipal agencies may properly be reluctant to commit themselves to a course of action before knowing that if such a commitment is made it will meet such conditions as the zoning authority will deem advisable. . . . Under such circumstances, where cooperative action is necessary to accomplish a desirable result, a stalemate can best be avoided by approval which may be conditional. We would, accordingly, hold that where an exception or a special permit is granted and the grant is otherwise valid except that it is made reasonably conditional on favorable action by another agency or agencies over which the zoning authority has no control, its issuance will not be held invalid solely because of the existence of any such condition."

On a number of occasions, this court has expressly upheld subdivision approvals made subject to con-

ditions over which the applicant had no control. In *Crescent Development Corporation* v. *Planning Commission,* 148 Conn. 145, 168 A.2d 547 (1961), for example, the New Canaan planning commission approved a subdivision plan subject to the condition that no roadway would be constructed in the New Canaan portion of the subdivision unless and until the Stamford portion of the subdivision was provided with access to public highways in Stamford. This court (*King, J.*) rejected the plaintiff's claims that the commission's action constituted an invalid attempt to regulate a subdivision in another town and that the commission's action was illegal because not expressly authorized by the enabling statutes or the zoning regulations of New Canaan. Observing (p. 151) that "[t]he power of a planning commission to modify a plan before approving it is expressly given in § 8-26 of the General Statutes," the court concluded (p. 148) that "[t]he practical effect of the defendant's action [in approving the subdivision plan subject to the above listed conditions] was to approve the plan after modifying it." The plaintiffs' claim that the particular condition imposed was unauthorized was summarily dismissed by the court on the basis of the language in § 8-26 authorizing a planning commission to enact regulations governing the layout and construction of streets and highways in proposed subdivisions.

In *Nicoli* v. *Planning & Zoning Commission,* 171 Conn. 89, 90, 368 A.2d 24 (1976), the defendant commission voted to approve the plaintiff's subdivision plan subject to the following condition to be printed on the final record map: "No zoning approval or building permit shall be issued for the

construction of any residential building within this subdivision until such time as the proposed public road within the subdivision is connected to a public street or highway in the town of Easton." The Court of Common Pleas held that the conditional approval by the defendant was invalid and modified the decision to the extent of eliminating the imposed condition. The decision of the trial court was reversed by this court, which held (p. 96) "that *the defendant's conditional approval constituted a valid exercise of its police power.*" (Emphasis added.) This court, citing 3 Anderson, American Law of Zoning § 19.04, p. 392, stated (p. 95) that "[t]he imposition of subdivision controls is an exercise of the police power . . . [which] seeks to accomplish the orthodox ends of the police power by serving the health, safety, morals, and general welfare of the community." In that case we held (p. 91) that the commission's action in approving the subdivision plan, subject to the condition that the proposed public road in the subdivision be connected to a public street or highway in the town, was valid as an exercise of the commission's authority to "provide . . . for present and prospective traffic needs."

In both *Crescent* and *Nicoli* the planning commission actions held to be valid by this court involved subdivision approvals under § 8-26 and in each case the commission's approval was made subject to conditions over which the applicant had no control. To hold as the majority does is, therefore, to depart significantly from the holdings in the above line of cases. If those cases are to be overruled on policy grounds or otherwise, the opinion of the court should explicitly so state, and give the reasoning for this major change in the court's position.

I would hold that the action of the commission in approving the defendants' subdivision plan subject to approval by the highway superintendent does not constitute a "failure to act" within the meaning of § 8-26 and that such action does not therefore trigger the inferred approval provisions of this statute.

I would find error and would order that the judgments be set aside and the cases remanded with direction to overrule the pleas in abatement and then to proceed according to law.