[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS AND OBJECTION THERETO
The plaintiff has brought this action to recover on an alleged promissory note, despite demand, the defendant has failed to pay. The defendant has moved to dismiss for lack of jurisdiction in that the plaintiff is a Delaware Limited Partnership transacting business in Connecticut which has not registered with the Secretary of State as required by G.S.34-38g and 34-381 (a). The motion has been filed with an affidavit of a legal assistant of the defendant's attorney's firm stating that one Sharon Maple of the Secretary of State's office responded that there was no record that the plaintiff was registered in said office on her telephone call. The plaintiff, in opposition to said motion to dismiss, has filed an affidavit by a principal general partner of the plaintiff who states that the principal business of the plaintiff is a Holstein dairy cattle breeding program on a New York farm but also states that an office was maintained in Connecticut for the plaintiff's maintenance of internal affairs and the sale of partnership interests which included the creation of promissory notes such as the defendant's. He further states that the only activity now in Connecticut is the collection of debts owed to it by limited partners.
P.B 143, providing for a motion to dismiss, permits, where appropriate, supporting affidavits to be filed as to facts not apparent on the records. Where the facts are not clear on the record, the burden is on the movant to prove the facts necessary to be alleged, and failure to put on such evidence requires the court to deny the motion. Carpenter v. Planning Zoning Commission, 176 Conn. 581, 588-9. Where affidavits are submitted, they must contain facts which would be admissible as evidence. Collins v. Scholz, 34 Conn. Sup. 501, 502-3. Here the affidavit of the defendant does not contain the fact admissible as evidence but even if it had, would not overcome the affidavit of the plaintiff that it presently does not conduct business in the State of Connecticut other than collection of debts.
For the above reasons, the motion to dismiss is denied.
CORRIGAN, J. CT Page 4695