[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On January 20, 1994, the plaintiff Maryellen Ahern and her husband John Ahern, applied to the Town of Wallingford Planning and Zoning Commission for approval of a four lot subdivision. The Commission approved the plaintiffs' application but imposed certain conditions on the subdivision approval.
Those conditions were:
1) Street numbers
2) Sewer use calculations
3) The widening of Woodhouse Avenue
 4) The installation of sidewalks along Woodhouse Avenue and a bond for the installation CT Page 13282
The plaintiffs did not contest and did not appeal conditions 1 and 2. The defendant, in an amended answer, admitted that there was no substantial evidence in the record to justify condition 3 and agreed that it was not part of the permit.
The specific condition of the subdivision approval that is before the court for adjudication is a requirement that the plaintiff construct sidewalks along Woodhouse Avenue and post a performance bond in the amount of $13,800.
This appeal was brought on January 3, 1995. The complaint states that the Wallingford Planning and Zoning Commission lacked the authority and jurisdiction to condition its subdivision approval on the construction of sidewalks and that such condition is illegal and an abuse of discretion.
AGGRIEVEMENT
Aggrievement was uncontested at the hearing on the matter. Evidence was presented that Maryellen Ahern is the owner of the property in question and is statutorily aggrieved.
ISSUE
Whether the Wallingford Planning and Zoning Commission, in approving the plaintiffs' application, may lawfully condition such approval upon the construction of sidewalks along a state highway? Does such a conditional approval place the authority to grant or deny the sidewalk permit within the sole discretion of a third party agency, the State Highway Commission, and remove it from the control of both the Planning and Zoning Commission and the applicant for the permit.
DISCUSSION
Before addressing the issue raised by the plaintiff, the court must first determine the status of Woodhouse Avenue. The court must further determine the authority to which application must be made for a sidewalk permit and the extent of discretion which that authority has in granting or denying such application.
Woodhouse Avenue is a state highway (Defendant's Trial Exhibit 1). Woodhouse Avenue was taken in to the state highway system on January 30, 1962. There is no evidence to indicate that CT Page 13283 it has ever been removed from that highway system.
Article 6 of the Town of Wallingford regulations requires that all sidewalks be built within the public right-of-way and located within the street line. In the instant case the public right-of-way is Woodhouse Avenue. Permission to build the sidewalks within the street line must be obtained from the authority that has jurisdiction over that public right-of-way. Since Woodhouse Avenue is a state highway, application for a permit must be made to the State Highway Commission. The defendants argue that even though Woodhouse Avenue is a state highway, sidewalks remain an obligation of the town.
When the court reads Article 6 of the Wallingford regulations together with Trial Exhibit 1, the court concludes that while any sidewalks along Woodhouse Avenue existing at the time of the transfer would remain within the control of the town, this is true only when the sidewalks existed at the time of the exchange of Woodhouse Avenue from the town to the state. Where there are no sidewalks, as in the present case, and the issue is one of seeking a permit to build new sidewalks, the permit must be obtained from the State Highway Commission. Therefore, the plaintiff is correct in claiming that in order to meet the sidewalk condition imposed by the Wallingford Planning and Zoning Commission, it must seek and obtain a permit from the state and not from the town. The court finds, in examining the procedures for obtaining a sidewalk permit, that the obtaining of such a permit is not reasonably probable but rather is a matter solely within the discretion of the State Highway Commission. If the obtaining of the permit were reasonably probable then this court would be bound by the decision in Timber Trails Corporation v.Planning and Zoning Commission of the Town of Sherman, 222 Conn. 380
(1992), and the condition imposed by the Wallingford Commission would be a valid one. If, on the other hand, the permit procedures are discretionary, this court is bound by the Supreme Court holding in Carpenter v. Planning and ZoningCommission of Stonington, 176 Conn. 581 (1979). The condition is invalid because it is an attempt by the Planning and Zoning Commission to grant authority for issuances of the permit to a third party agency over which neither the Commission nor the applicant has any control.
The court in Carpenter stated:
"Commission action which is dependent for CT Page 13284 its proper functioning on action by other agencies over which the zoning commission has no control cannot he sustained unless the necessary action appears to he a probability." Judicial District of Carpenter
at 592 citing Stiles v. Town Counsel, 159 Conn. 212 (1970).
To determine whether or not Ms. Ahern's obtaining a sidewalk permit from the State Highway Commission was a probability, assuming the proper application process, this court must look at the permit procedures as set forth in Exhibit D to the plaintiffs' brief and the regulations of the Connecticut State Agencies of which the court takes judicial notice. The regulation of the Connecticut State Agencies provide that any work to be done within the highway right-of-way requires an encroachment permit. In order to obtain this permit the applicant must meet certain qualifications. The regulations in § 13b-17-4 detail the specific requirements and steps to he taken by the applicant. In this section of the regulations, there are numerous sketches, plans and specifications that must be provided by the applicant. However, unlike the five specific requirements in Timber Trails, which if satisfied would guarantee a permit, the requirements here are quite involved and varied. Even if the applicant were to comply with all of the requirements, it cannot be said that there is a probability that Ms. Ahern would receive a sidewalk permit. In fact, the State Highway Commission may choose to deny the permit based upon aesthetics considerations alone (§ 13b-17-5).
The court holds that the instant case is controlled not byTimber Trails but by Carpenter.
The Wallingford Planning and Zoning Commission's condition requiring the construction of sidewalks along state highway known as Woodhouse Avenue is not a valid condition. Since the condition for sidewalks is invalid, the requirement that a bond be posted is likewise invalid.
The appeal is sustained. The subdivision approval, including conditions one and two, is valid. The condition of sidewalks and the posting of a bond is null and void.
The court by,
Kevin E. Booth, Judge CT Page 13285