[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is the Court's ruling on the Friedlaenders' motion to dismiss. Just briefly for clarity of the record, this was an appeal brought by Pinchbecks of a decision by the Defendant, Guilford Planning and Zoning Board of Appeals, denying Pinchbeck's administrative appeal of the zoning enforcement officer's determination. By way of background, on or about July 1, 1997, the Defendants, Gary and Linda Friedlaender applied to the Defendant, Guilford Zoning Board of Appeals, for a variance from the front yard set back requirements to construct an addition to the property at 835 Mulberry Point Road.
On or about July 23, 1997, the Defendant, ZBA, granted the Friedlaenders' request for a front yard set back variance. CT Page 8990
On the application filed on or about July 1, 1997, by the Friedlaenders, there was the notation; enforcement officer indicated that side yard variance, for height increase, is not required.
On July 23, 1997, as I said, the ZBA granted the variance. On or about October 15th, the plaintiff, through counsel, wrote to the zoning enforcement officer requesting a written opinion regarding whether a side yard variance for the proposed addition to Friedlaenders was necessary.
On or about October 23, 1997, the enforcement officer wrote back and stated his opinion that the addition of a second story to the premises, as in this case, would not require such a variance because the vertical increase was not an increase in the nonconformity.
The Plaintiff, Mrs. Pinchbeck, appealed the determination of the zoning enforcement officer, as stated on or about November 6th. A public meeting was scheduled for December 3rd, on the appeal. It was, at that time, denied without prejudice. The appeal was refiled, and a public hearing eventually was held on January 28 of 1998, and on or about February 26th, 1998, after expressly finding it had jurisdiction to hear the appeal of the plaintiff, the Defendants, ZBA, denied the appeal, upheld the opinion of the zoning enforcement officer and plaintiffs brought the appeal that's now before the court.
Having reviewed the evidence submitted and the representations of counsel and relevant case law, the Court finds that the Plaintiff, Kristine Pinchbeck, had notice of the Friedlaenders' position at sometime prior to July 23, 1997, had notice of the Friedlaenders' position regarding the need for a side yard variance, had the opportunity to be heard on July 23rd on that issue and to state its position, had the right to appeal at that time any decision by the Defendant, Zoning Board of Appeals, on that issue or appeal the Zoning Board of Appeals' refusal to address that issue, were that to be the case, and had a right to take an appeal within the statutory time limit. Plaintiffs' forbore to do so. Rather, as I indicated, they raised the issue by the October 15th letter of counsel seeking the zoning enforcement officer's determination.
The court took into consideration that this notice took the form of a notation on the application, which was represented to CT Page 8991 have been written in by the agent of the Defendant, Friedlaenders, that is their architect, Gary Arblonis. That gave plaintiffs sufficient notice to know that this was an issue, unlike the issue of septics or other matters that might go before other boards.
This matter was clearly within the purview of the Zoning Board of Appeals to address, and I believe it would have been a normal and natural issue to have raised. And, as I say, either the board would have taken notice of it, taking it into consideration or refused to enter, in it. Either way the appeal could be taken.
The Court recognizes that it's complicated by the fact that the Zoning Board of Appeals did take the plaintiff's appeal of the zoning enforcement officer on the merits, did schedule and hold a hearing, did issue a decision. The Court believes that the ZBA acted erroneously in so doing, and that there was no need for them to entertain that, nor did they have the jurisdiction to do so since plaintiff had failed to exhaust its administrative remedies on the 7-23-97 matter.
All parties cite Loulis v. Parrott, 241 Conn. 180, in support of their respective positions. The defendants, Friedlaenders cite as well, Carpenter v. Planning Zoning Commission,176 Conn. 581. The court concludes the cases cited, supra, support the movants', Friedlaenders', position.
The court concludes it lacks jurisdiction to hear this appeal by virtue of the Plaintiff's failure to exhaust her administrative remedies.
Accordingly the defendants, Friedlaenders' Motion to Dismiss is granted.
By the Court Downey, J.