## Biagio Nicoli *v.* Planning and Zoning Commission of the Town of Easton

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Argued December 2, 1975—decision released May 18, 1976

*Robert J. Berta,* for the appellant (defendant).

*Vincent M. Zanella, Jr.,* for the appellee (plaintiff).

LONGO, J. The plaintiff, Biagio Nicoli, is the contract purchaser of approximately thirty acres of land which he intended to subdivide into nine residential lots. The acreage was located in the southeastern portion of the town of Easton, and was bounded on the east by the Easton-Trumbull town line. As there is no road within Easton giving access to the acreage, the plaintiff planned to develop the subdivision adjacent to a proposed extension of Harvester Road, a public highway located in Trumbull which terminates at the Easton-Trumbull boundary line. The sole means of access to the proposed subdivision would thus be by Harvester Road, from the town of Trumbull. The plaintiff applied to the defendant, the planning and zoning commission of the town of Easton, for approval of the subdivision. On February 26, 1973, the defendant commission voted to approve the subdivision, subject to the following condition to be printed on the final record map: "No zoning approval or building permit shall be issued for the construction of any residential building within this subdivision until such time as the proposed public road within the subdivision is connected to a public street or highway in the town of Easton."

The plaintiff appealed from the defendant's decision to the Court of Common Pleas, claiming that the action taken by the defendant was illegal, arbitrary, an abuse of discretion, and unconstitutional. The court found that the plaintiff was an aggrieved person, entitled to appeal from the decision of the defendant; see *I. R. Stich Associates, Inc.* v. *Town Council,* 155 Conn. 1, 3, 229 A.2d 545; and held that the conditional approval by the defendant was invalid and modified the decision to the extent

of eliminating the condition. Upon certification granted, the defendant has appealed to this court. Of the several assignments of error made by the defendant, one has not been briefed and is therefore considered to have been abandoned. *State* v. *Brown,* 163 Conn. 52, 55, 301 A.2d 547. The remaining assignments of error and the issues raised therein are discussed in the opinion.

Although this defendant functions as a planning *and* zoning commission, it is by its planning power that it controls the subdivision of land. See *Purtill* v. *Town Plan & Zoning Commission,* 146 Conn. 570, 572, 153 A.2d 441; *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 123, 127 A.2d 822. There must be statutory authority for action taken by a planning commission in the exercise of its planning power, for the "whole field of subdivision regulation is peculiarly a creature of legislation." 2 Yokley, Zoning Law & Practice (3d Ed.) § 12-3, p. 30, cited in *Finn* v. *Planning & Zoning Commission,* 156 Conn. 540, 545, 244 A.2d 391; see *Avonside, Inc.* v. *Zoning & Planning Commission,* 153 Conn. 232, 236, 215 A.2d 409. General Statutes § 8-25[1] authorizes the adoption by a planning commission of regulations to control the subdivision of land, and in passing on plans for proposed subdivisions a commission is bound by its regulations. *RK Development Corporation* v. *Norwalk,* 156 Conn. 369, 375,

---

[1] "[General Statutes] Sec. 8-25. SUBDIVISION OF LAND. No subdivision of land shall be made until a plan for such subdivision has been approved by the commission. . . . [T]he commission shall adopt regulations covering the subdivision of land. . . . Such regulations shall provide that the land to be subdivided shall be of such character that it can be used for building purposes without danger to health or the public safety . . . and that the proposed streets are in harmony with existing or proposed principal thoroughfares . . . and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs. . . ."

242 A.2d 781; *South East Property Owners & Residents Assn.* v. *City Plan Commission,* 156 Conn. 587, 591, 244 A.2d 394; *Crescent Development Corporation* v. *Planning Commission,* 148 Conn. 145, 149–50, 168 A.2d 547. There is no claim by either party to this appeal that the relevant regulations of the town of Easton were not duly adopted by the defendant or are not within the purview of the enabling act. See *Finn* v. *Planning & Zoning Commission,* supra; *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 680, 236 A.2d 917. Among those regulations are the following: "Regulations covering the subdivision of land within the town of Easton. Section 1. General purpose and intent. The general purpose and intent of these regulations are to promote with the greatest efficiency and economy the coordinated development of the Town of Easton and to promote the public health and safety and the general welfare and prosperity of the people of the Town of Easton . . . . Section VIII. Street and highway requirements. a. No plan for subdivision shall be approved unless the proposed streets and highways are in harmony with existing or proposed principal thoroughfares within the Town of Easton especially in regard to safe intersections with such thoroughfares and are so arranged and are of such width as to provide an adequate and convenient system for present and prospective traffic needs. . . . c. All streets and highways shall be continuous or in alignment with existing streets or highways of adjoining plots or sub-divisions and of the same or greater width as the Planning and Zoning Commission may require. . . . d. Cross streets or highways must be provided to conform and connect with existing

or proposed streets or highways within the Town of Easton unless topographical or other physical conditions require a variation from this provision."

The plaintiff contends that the subdivision regulations require that there be a connection of subdivision roads with public roads of Easton only where those public roads are "existing" or "proposed"; and that, as there is no explicit requirement that there be connections which provide access to the subdivision by Easton public roads, the defendant lacked the power and authority under law to impose such a condition. We do not agree. The regulations are to be construed as a whole. *Forest Construction Co.* v. *Planning & Zoning Commission,* supra, 679. It is clear that they are intended to ensure safe and convenient access to newly developed acreage by the regulation of the planning and building of roads. Toward achieving this end "the criteria contained in the commission's regulations are as reasonably precise as the subject matter requires and are reasonably adequate and sufficient to guide the commission and to enable those affected to know their rights and obligations. *American Power & Light Co.* v. *Securities & Exchange Commission,* 329 U.S. 90, 105, 67 S. Ct. 133, 91 L. Ed. 103; *Ours Properties, Inc.* v. *Ley,* 198 Va. 848, 851, 96 S.E.2d 754; 1 Am. Jur. 2d, Administrative Law, § 118. Although some of the standards may. be general in their terms, they are reasonably sufficient to identify the criteria to be evaluated in their enforcement in order to meet the many variables involved since it would be impossible to establish one standard which would adequately cover all future cases. *Blakeman* v. *Planning Commission,* 152 Conn. 303, 307, 206 A.2d 425." Id., 680. The

requirements in § VIII a of the Easton subdivision regulations that proposed streets in a subdivision be "in harmony with existing or proposed principal thoroughfares within the Town of Easton" and "provide an adequate and convenient system for present and prospective traffic needs," and in § VIII d that roads within the subdivision "must be provided to conform and connect with existing or proposed streets or highways within the Town of Easton," provide sufficient authority for the imposition of the condition by the defendant. We find that the defendant commission did not act in excess of its powers and authority under law.

We next consider whether the action taken by the defendant was arbitrary and in abuse of its discretion. In addition to citing §§ VIII a and VIII d of its regulations, the defendant gave several reasons in support of its conditional approval. If any one of those reasons would support its action, the defendant's decision will not be disturbed. See *Blakeman* v. *Planning Commission,* 152 Conn. 303, 306, 206 A.2d 425, and the citations contained therein. Therefore, we need only consider the following reason: "The lack of access to said subdivision from any street or highway within the Town of Easton would prevent any adequate servicing of the area by fire, police, and other emergency vehicles, and by snowplows and school buses, hence the inclusion of the condition in the approval of this application is essential for the protection of the public health, safety and welfare of future residents of this area of the Town of Easton."

The record reveals that the land in question lies within the easternmost section of Easton, an area which is isolated from the remainder of the town in

that there is no direct access by roads or highways located within the town of Easton. The land is accessible only by the town roads of Trumbull. The town of Easton would thus be forced to depend upon the highways of Trumbull to provide vital public services to the future residents of the proposed subdivision. Fire, police and other emergency vehicles, as well as school buses, would be forced to service the area by roundabout routes, leading from Easton through Trumbull and back again. The board concluded that the conditioning of its approval upon access to the acreage by Easton roads was essential for the protection of the public health, safety and welfare of future residents of Easton. As we stated in *Blakeman,* supra, 308, "[i]t is enough to point out the reasonableness of the conclusions arrived at in this case. 'The essential question, in any case, is whether any one of the several reasons which may be given . . . [for the commission's decision] is reasonably supported. Courts do not substitute their own judgment for that of the commission so long as honest judgment has been reasonably and fairly exercised . . .' [citation omitted]." In the subdivision plans submitted by the plaintiff, potential hazards to public health, safety and welfare are readily apparent. The indirect mode of access to the proposed subdivision endangers not only the prospective residents thereof, but also the present residents of Easton who are dependent upon the efficient operation of town services. In view of the subdivision regulations of the town of Easton and the facts of this case, we do not find that the defendant acted arbitrarily or abused its discretion.

"The imposition of subdivision controls is an exercise of the police power, and it seeks to accomplish the orthodox ends of the police power by

serving the health, safety, morals, and general welfare of the community." 3 Anderson, American Law of Zoning § 19.04, p. 392; see *State* v. *Hillman,* 110 Conn. 92, 105, 147 A. 294. That power is not unlimited, however. "It cannot be exercised unless it bears a rational relationship to the subjects which fall fairly within the police power and unless the means used are not within constitutional inhibitions. The means used will fall within these inhibitions whenever they are destructive, confiscatory or so unreasonable as to be arbitrary. *State* v. *Hillman,* 110 Conn. 92, 105, 147 A. 294. Whether the exercise of the power exceeds the limitations imposed by the constitution depends on the circumstances of the particular case." *Horwitz* v. *Waterford,* 151 Conn. 320, 323, 197 A.2d 636. On appeal by the plaintiff in this case to the Court of Common Pleas, that court held that the defendant's action was confiscatory and therefore unconstitutional. We do not agree. We find that the defendant's conditional approval constituted a valid exercise of its police power.

Although in *Horwitz* v. *Waterford,* supra, we held that there had been a confiscation of property, this case is distinguished from that of *Horwitz* in several ways. No "trivial public benefit" is at stake here. Id., 324. The condition imposed by the defendant protects the health and safety of present and prospective Easton residents. It also promotes their welfare by orderly and economical community development. The town of Easton cannot be required to build roads, the sole purpose of which is to provide access to prospective subdivisions in remote and otherwise inaccessible areas, simply because a subdivider has chosen to build there. The result here is not confiscatory. The condition has

not rendered the acreage involved valueless, but has affected the use of that property at this time for a subdivision of the type and extent proposed. See *Crescent Development Corporation* v. *Planning Commission*, 148 Conn. 145, 152, 168 A.2d 547. There is no evidence that the restriction will be permanent; presumably the land will be developed when the gradual subdivision and building of public roads of Easton reach toward the town's easternmost boundary. See *Horwitz* v. *Waterford*, supra, 324. Therefore, we conclude that the defendant commission has acted rationally and reasonably under the police power to protect the health, safety and welfare of its inhabitants.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the plaintiff's appeal.

In this opinion the other judges concurred.