[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Norman Pelletier and Bernice Pelletier of 48 Woodside Avenue, Norwich, Connecticut, applied for an approval of a five-lot subdivision of land owned by them located on property bounded by the north line of Connecticut Route 2 and the south line of Milltown Road, between the intersection of those two roads. On December 10, 1987, the subdivision was approved subject to the following conditions. (1) The driveway on Lot 7.02 must be located to the east of the thirty-inch RCP that goes under Milltown Road; (2) drainage with catch basin (minimum — 36 inch cement pipe) to be buried in front of Lots 7.01 and 7.02 on the town right-of-way to carry water into lots and away from the house sites with the discharge to be flared and rip-rapped; (3) drainage on Lot 7.04 (minimum — 36 inch cement pipe) to be buried and carried through the lot and terminated past the house site and septic system with the drainage to be flared and rip-rapped, OR provide the town with drainage rights over the lot with the deed to state that the town will not be required or responsible for installation of drainage on this lot (7.04); (4) provide the town with all necessary easements. The plaintiffs object to conditions 2, 3 and 4. In their appeal the plaintiffs claim that notice of decision was not mailed to CT Page 520 the plaintiffs within fifteen days in violation of section 4.9 of the Town of North Stonington Subdivision Regulations and also in violation of Connecticut General Statutes section 8-26
and that the failure of the Commission to act within the time period should be considered an approval. Plaintiff also claims that the conditions approved by the town were improper; that each of the conditions (1 was not objected to) 2, 3 and 4 were improper in that imposing same upon the plaintiffs, the town acted unlawfully, in excess of its authority, erroneously, arbitrarily, capriciously and in abuse of its discretion. Plaintiff also claims that the Commission acted improperly in not stating its reasons for its determination.
The Court held a hearing on May 10, 1990 and received evidence from Norman Pelletier on aggrievement. The Court finds he is an owner of the property who is adversely affected by the defendant's decision and that he is thereby aggrieved. Bossert v. Norwalk, 157 Conn. 285.
At the hearing counsel for the plaintiffs stated that the only ground of appeal being pursued was the second condition imposed, i.e., drainage in front of Lots 7.01 and 7.02, supra. The plaintiffs have now provided the Court with a stipulation signed by counsel for both parties whereby the plaintiffs have complied with conditions 1, 3 and 4 and have prepared revised plans indicating such compliance.
In acting on a subdivision application, the Commission acts in an administrative capacity in determining whether the application is in accord with its subdivision regulations. Beach v. Planning Commission, 141 Conn. 79, 84. The Commission may approve and modify or disapprove the applications. Connecticut General Statutes section 8-26. By way of the second alternative, a commission may impose a condition on the applicant to be fulfilled by him before final approval, i.e. endorsement of the maps. See section 8-26, Connecticut General Statutes. Such a condition is valid if it is with the power of the applicant to comply with such condition. See Nicoli v. Planning and Zoning Commission,171 Conn. 89, 94. Compare Carpenter v. Planning and Zoning Commission, 176 Conn. 58, where the court found that approval based upon actions by a third party was not an "approval" under the statute.
The plaintiffs urge that the imposition of the second condition is unlawful and in excess of the defendant's powers under the regulations, i.e. as being an exaction. They cite Pope v. Killingworth Planning and Zoning Commission, 5 CLT No. 49, p. 15 (1979) as authority. They also argue that the condition imposed does not meet the requirement that CT Page 521 fulfillment of such a condition be "uniquely attributable to the subdivider's activity." See Aunt Hack Ridge Estates, Inc. v. Planning Commission, 160 Conn. 109, 118.
Conversely, the defendant argues that the imposition of the condition was within the power of the Commission granted by the regulations to deal with drainage problems engendered by a proposed subdivision. The Commission cites Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 667 for the proposition that:
"One who chooses to engage in subdividing land by that decision thus chooses also to be subject to the reasonable regulations of the local planning commission." See, Raybestos-Manhattan, Inc. v. Planning and Zoning Commission,186 Conn. 466, 471.
The Court first notes that the situation in Pope involved a denial for lack of appropriate access to the lot in question for the occupants and emergency vehicles because of the inadequacy of the town road. A similar issue was raised in Reed v. Planning Zoning Commission, 208 Conn. 431, where the Supreme Court held that the denial of a subdivision on the basis that the abutting road did not provide safe access and egress for the occupants and emergency vehicles was beyond he Commission's power under the regulations.
Both cases, of course, deal with lack of proper access which is not in issue here, and hence are in apposite.
The Court finds that the regulations empower and require the Commission to address potential problems of drainage which may arise from subdivision activity. Section 6.4 Drainage requires: "An adequate system of storm drainage shall be provided. . ." The same section addresses drainage through lots. The plaintiffs have not argued they are unable to fulfill this condition.
The Court finds that the condition is permissible under the regulations and that the action of the Commission addresses a matter uniquely attributable to the proposed subdivision. The record shows the issue was exhaustively discussed by the parties, and therefore the record supports the actions by the Commission. The potential problem created by the proposed subdivision was whether the existing drainage, while apparently adequate for undeveloped land, would create a flood hazard for a house lot located downstream, unless such contingency were addressed.
The Court finds that the Commission acted properly CT Page 522 and within the authority vested in it by the regulations. See subsections 6.4 and 6.8.
The appeal is dismissed.
BURNS, J.