[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, the Town of Middlebury, its Board of Selectmen, the individual members of its Planning Zoning Commission and the Middlebury Zoning Enforcement Officer (the "plaintiffs") appeal the decision of the defendant, Planning 
Zoning Commission of the Town of Watertown ("Commission"), approving the defendant Kenneth Kadar's application for a 5 lot subdivision plan ("Kadar subdivision"). For the reasons stated below, the plaintiffs' appeal is dismissed.
By application dated and filed August 28, 1995, the defendant Kenneth Kadar sought approval of a subdivision plan of property located off Middlebury Road in Watertown, to be known as L E Estates. (Return of Record [ROR], Exhibit 5, Subdivision Application). Specifically, the applicants sought to subdivide 26.02 acres into 5 lots to be serviced by a dead end street, Ellomi Drive. (ROR, Exhibit 6, Subdivision Plan). The Watertown/Middlebury town line bounds the southern end of the proposed Kadar subdivision. (ROR, Exhibit 6). Kadar is the owner of this property (ROR, Exhibit 30).
The Commission considered Kadar's subdivision application at six of its regular meetings: October 5, 1994 (ROR, Exhibit 34), January 11, 1995 (ROR, Exhibit 35), September 6, 1995 (ROR, Exhibit 36), October 4, 1995 (ROR, Exhibit 37), November 5, 1995 (ROR, Exhibit 38) and December 6, 1995 (ROR, Exhibit 39). At the December 6, 1995 meeting, the Commission approved the Kadar subdivision application. (ROR, Exhibit 41, Notice of Decision; Exhibit 42, Letter of Approval to Ken Kadar). The Commission required that Kadar provide a 50 foot right-of-way over the property to provide for future road development. (ROR, Exhibit 42). The final subdivision plan as approved also required that Ellomi Drive intersect and connect with Stonewall Drive, a dead end street originating in Middlebury and ending in a cul-de-sac in Watertown. (ROR, Exhibit 6). Stonewall Drive also services a Middlebury subdivision, know as the Lasky subdivision. CT Page 4042
Certain facts must be mentioned regarding the Lasky subdivision. When the Lasky subdivision application was originally filed, Stonewall Drive sat entirely in Middlebury, ending approximately 80 feet short of the Watertown/Middlebury town line. (ROR, Exhibit 27, Map 3). As proposed and subsequently approved, Stonewall Drive was extended across the town boundary. Subsequently, in 1986, Helen Hilton, the owner of property at the north end of the Lasky subdivision, applied to the town of Middlebury for a Certificate of Zoning Compliance to build a residence ("Hilton residence"). In consideration for the issuance of the Certificate, the Town of Middlebury required Hilton to execute a covenant and restriction in favor of Middlebury. (ROR, Exhibit 26). That deed restriction provides a right of way over Watertown property to the cul-de-sac of Stonewall Drive and also includes a covenant prohibiting subdivision of the property until access was secured to a public road. (ROR, Exhibit 26). Also, on the Lasky map, with an arrow to the Stonewall Drive cul-de-sac, is the following notation: "[e]asement for temporary turnaround which automatically terminates upon extension of the street." Additional land with three hundred feet frontage on Middlebury Road was subsequently purchased which the defendants now claim satisfies these restrictions and covenants.
On December 29, 1995, the plaintiffs commenced this appeal. The plaintiffs, concerned with the traffic flowing into Middlebury if the Kadar subdivision were allowed to proceed, claim that this approval fails to conform to the Watertown regulations, that it conflicts with other town restrictions and that the connection with Stonewall Drive constitutes a resubdivision of the Lasky plan, which would require Middlebury approval. The parties have filed briefs, and argument was heard by the court on December 16, 1996.
JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. In order to take advantage of a statutory right of appeal, parties must strictly comply with the statutory provisions that create such a right. Simko v. Zoning Board of Appeals, 206 Conn. 374,377, 538 A.2d 202 (1988). The statutory provisions are mandatory and jurisdictional in nature, with failure to comply resulting in dismissal of an appeal. Id.
A. Aggrievement
CT Page 4043
The defendants have raised the issue of aggrievement which must be considered first as it relates to the court's subject matter jurisdiction. General Statutes § 8-8 (b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court . . . ." "[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v.Zoning Board of Appeals, 237 Conn. 184, 192 (1996). The plaintiff has the burden of proving aggrievement. Spero v. Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 1089 (1991). The presence of aggrievement is an issue of fact to be determined by the trial court on appeal. Primerica v. Planning Zoning Commission,211 Conn. 85, 93, 558 A.2d 646 (1989).
The defendants argue that although Stonewall Drive is located within 100 feet of the Watertown border, a necessary predicate for statutory aggrievement under General Statutes § 8-8 (1), the town does not qualify since its interest is no greater than of any other resident, which does create statutory aggrievement. The defendants argue further that since the plaintiffs have pled only statutory agreement, they now cannot present evidence regarding classical aggrievement. The court disagrees.
Although mere generalizations and fears do not establish aggrievement, Walls v. Planning Zoning Commission,176 Conn. 475, 478, 408 A.2d 252 (1979); "[a]ggrievement is established if there is a possibility, as distinguished from certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) ConnecticutResources Recovery Authority v. Planning Zoning Commission,225 Conn. 731, 739 n. 12 (1993). The plaintiffs introduced evidence at the hearing before the undersigned as to the issue of aggrievement, and although the defendants objected to some evidence, much evidence was allowed in without objection. The plaintiffs introduced a map indicating the close proximity of Stonewall Drive in Middlebury to the Kadar subdivision. In addition, Middlebury's First Selectmen testified as to the problems Middlebury will incur when Ellomi Drive is connected with Stonewall Drive. Therefore, for purposes of this appeal, the court finds that the plaintiffs have demonstrated a specific, legal interest in the subject matter of this dispute and, therefore, they are aggrieved parties. See North Haven v.Planning Zoning Commission, 220 Conn. 556, 560, 600 A.2d 1004
(1991).[1]
CT Page 4044
B. Timeliness
General Statutes § 8-8 (b) provides, in relevant part, that an "appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the [board's] decision was published as required by the general statutes. The appeal shall be returned to court in the same manner and within the same period of time as prescribed for civil actions brought to that court"
The Commissions's decision was published in the December 15, 1995 edition of the Town Times. (ROR, Exhibit 41). On December 28 and 29, 1995, the plaintiffs caused a sheriff to serve a true and attested copy of the citation, recognizance and appeal on the defendants. (Sheriff's Return). The original citation, recognizance and appeal were filed with the court on December 29, 1995. The court finds that the plaintiffs properly served this appeal within the statutory fifteen day period and that therefore, the appeal is timely. General Statutes § 8-8 (b).
The plaintiff's burden in attempting to overturn a decision of a Planning and Zoning Commission is a difficult one. "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing[.]" (Internal quotation marks omitted.) Bloom v.Zoning Board of Appeals, 233 Conn. 198, 206 (1995). "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." Id. "[I]t is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." (Internal quotation marks omitted.) Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527,542-43, 600 A.2d 757 (1991).
With this substantial burden imposed upon the plaintiffs, the court will address each claim in the order presented in their brief dated August 2, 1996. CT Page 4045
A. THE SUBDIVISION PLAN DOES NOT CONFORM WITH THE WATERTOWN SUBDIVISION REGULATIONS
The plaintiffs argue that the Commission failed to comply with Section 4.3.9 of its regulations. That section provides: "local streets shall also provides safe and convenient option for present and prospective traffic in the neighborhood around the subdivision and shall be planned where appropriate to provide for continuation of existing streets in adjoining areas and the projection into adjoining properties when subdivided." (emphasis added). (ROR, Exhibit 3, Subdivision Regulations).
The plaintiffs' position that the inappropriateness of the approval which violates this section is twofold. First, that the connection with the Stonewall Drive cul-de-sac violates the restrictive covenants, and second, that the connection with Stonewall Drive requires a resubdivision of the Lasky subdivision under the Watertown Subdivision Regulations. Even assuming the covenant and restriction posed a problem as the plaintiffs suggest, the Commission is not empowered to deny an application on the basis of a private covenant. Moscowitz v. Planning Zoning Commission, 16 Conn. App. 303, 311 n. 8, 547 A.2d 569
(1988); Gagnon v. Municipal Planning Commission,10 Conn. App. 54, 57, 521 A.2d 589, cert. denied, 203 Conn. 807,525 A.2d 521 (1987). Furthermore, in light of the fact that the restriction imposed by the covenant was satisfied when Kadar acquired access to a town road, this issue became moot. There is no question that the terms of the restrictive covenant have been satisfied with the acquisition of land providing access to a town road.
As to the second argument advance by the plaintiffs, that the connection with Stonewall requires a resubdivision application under the Watertown's regulations, the plaintiffs ignore the note on the Lasky map which clearly states and anticipates that "[e]asement for temporary turn around which automatically terminates upon extension of the street." The Lasky subdivision clearly anticipated a connection and extension of Stonewall Drive. There was no evidence that Watertown had approved the Lasky subdivision, much less that they had to reapprove it.
Finally the plaintiffs argue that the connection of the street is not "appropriate" because the initial plan submitted by the applicant proposing that Ellomi Drive be a dead end street, could have adequately serviced the proposed subdivision and there was no need to require a connection to Stonewall Drive. The CT Page 4046 record indicates that the Commission did not feel a dead end was "appropriate" as they decided a connection was "more appropriate." It is the judgment of the Commission which is paramount and the court cannot and certainly the plaintiffs cannot substitute their judgment for that of the Commission.Bloom v. Zoning Board of Appeals, supra, 233 Conn. 206.
B. THE SUBDIVISION PLAN DOES NOT CONFORM WITH APPLICABLE ZONING RESTRICTIONS
General Statutes § 8-26 requires that a subdivision plan must comply with "applicable zoning regulations." The plaintiffs argue that this means not only the zoning regulations of the Town of Watertown but also includes Middlebury's zoning regulations since the plan requires activity in Middlebury. The plaintiffs' position is that since Middlebury regulations permits the authorization of covenants and restrictions, and since it exercised this right with respect to the Hilton residence, that the Commission's approval has interfered with this covenant and restriction and therefore does not comply with Middlebury regulations. This argument is the same as was advanced in the previous section. A such, the court's response is also the same, that the covenant and restrictions have been satisfied. Even if they were not, private restrictions do not provide a basis for denying subdivision approval. Gagnon v. Municipal PlanningCommission, supra, 10 Conn. App. 57. "Because a commission is not a court of law, its authority is stringently limited. It can only apply its regulations to the proposals which appear before it. It cannot make law." Id. Therefore, the court finds no merit to this argument of the plaintiffs.
C. THE APPROVAL IS VOID BECAUSE THERE IS NO PROOF THAT MIDDLEBURY WILL APPROVE THE USE OF STONEWALL DRIVE.
It seems that the plaintiffs here are arguing that the applicant must secure subdivision approval from the Middlebury Planning and Zoning Commission and since this is unlikely and not probable, the Commission's action cannot be sustained. This argument assumes that the applicant is required to file a application for resubdivision of the Lasky plan in Middlebury. Obviously the instant application does not concern the Lasky subdivision and is not a resubdivision of the Lasky plan. Even if the connection of the streets, which is wholly within the authority of the Town of Watertown, could be an event which effects the Lasky subdivision as the plaintiffs argue, it CT Page 4047 certainly is not a change in the approved subdivision. General Statutes § 8-18 defines a resubdivision as "[a] change in a map of an approved or recorded subdivision or resubdivision if such change (a) affects any street layout shown on such map . . . ." The connection of the new road to Stonewall Drive is not a change since the Lasky plan contemplates such an occurrence. The Lasky map provide that the easement will terminate upon the extension of the street (Stonewall Drive). The extension of this street is not a change in the Lasky plan. There is no resubdivision required nor was the approval of the instant subdivision dependent upon any probable approval of the Town of Middlebury. Watertown's action was not dependent of any action of Middlebury. This argument of the plaintiffs is also without merit.
CONCLUSION
In the present case, the action taken by the Commission was not arbitrary or an abuse of its discretion, but was within the powers and authority granted to it under the law. The requirement that the applicant connect the proposed Ellomi Drive with the existing Stonewall Drive was a valid exercise of the Commission's powers. See Nocoli v. Planning Zoning Commission, 171 Conn. 89,96, 368 A.2d 24 (1976). It was the burden of the plaintiffs to prove that the Commission acted illegally. Spero v. Board ofAppeals, supra, 217 Conn. 440. The plaintiffs failed to sustain this burden. The court, therefore, dismisses the plaintiffs' appeal.
PELLEGRINO, J.