[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Excelsior, Inc., appeals from a decision of the defendant, Newtown Planning and Zoning Commission, disapproving its eight lot subdivision application.
 I
The record discloses the following facts and procedural history. The plaintiff, Excelsior, Inc. (Excelsior), is a real estate development company that owns land in the town of Newtown that it seeks to subdivide into eight lots and then market as the "Old Wagon Estates." (Amended Complaint, ¶ 1.) The land in question is located near Lake Zoar, in the Sandy Hook area of Newtown, off of Alpine Circle, and is designated on Assessor's Map 43, Block 20, as Lots 139 and 140 (Property). The record reveals that access to the eight proposed subdivision lots would be off the private road known as Alpine Circle.
This problem, access off the private road, was raised at the first session of the public hearing on Excelsior's application on January 6, 2000, and at subsequent hearings until the public hearing process closed on March 2, 2000. The record reveals that the problem of access off the private road was raised in letters concerning Excelsior's proposal by the Town Engineer and Director of Community Development.[1] Prior to the first public hearing, Excelsior, aware of the problem, entered into an arrangement with the Board of Selectmen to improve Alpine Circle so that it could be accepted as a town road in order to provide access on a public highway as required by sections 4.02.100 and 4.02.110 of the Subdivision Regulations.[2] (Exhibit 11, October 27, 1999 agreement.) This agreement was contingent upon the approval of the project by the Commission and filing of the final plan in the Town Clerk's Office. (Exhibit 11, ¶ 14.) The Board had previously voted to accept Excelsior's proposal for improvements to Alpine Circle at no cost to the Town on July 19, 1999. (Exhibit 60.) However, this did not occur by the time the Commission was required to decide Excelsior's application. Excelsior's agent, on April 27, 2000, granted the Newtown Planning and Zoning Commission (Commission) a thirty-five day extension in order to act upon its application. Finally, at the Commission meeting of June 1, 2000, the Commission denied Excelsior's application. The sole reason for CT Page 12172 the denial given by the Commission was that the application did not comply with Section 4.02.110, which prohibits a subdivision on a private road.
Excelsior now appeals from the Commission's decision to the Superior Court. In its amended complaint, Excelsior alleges the following grounds for this appeal: "(a) The Commission improperly denied the application despite the fact that it complied with all provisions of the Regulations; (b) The Commission failed to state any reasons for its decision to deny the application; (c) The Commission based its denial upon standards not contained within the Regulations; (d) The Commission based its decision to deny the application based upon speculation and the making of inferences with regard to the provisions of the Regulations that were not supported by the express terms of the Regulations or any substantial evidence of record; (e) The denial of the application was not valid and is contrary to the express provisions of the Regulations; (f) The denial by the Commission of the application was not based upon proper interpretation of the specific provisions of the Regulations; (g) The denial by the Commission of the application is not supported by any substantial evidence of record." (Amended Complaint, ¶ 6.) Excelsior seeks, as relief, that this court sustain the appeal.
 JURISDICTION
General Statutes § 8-8 governs an appeal from the decision of a planning and zoning commission to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, 195 Conn. 276,283, 487 A.2d 559 (1985).
 A Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). As the owner of the property which forms the subject of the subdivision application, Excelsior is aggrieved by the denial of its application. Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 592 A.2d 953 (1991); Bossert Corporation v. Norwalk,157 Conn. 279, 285, 253 A.2d 39 (1968). At trial, this court found that Excelsior was aggrieved pursuant to General Statutes § 8-8 (a)(1) because it owns the property in question. (Transcript, April 2, 2001, p. 6.) CT Page 12173
 B Timeliness and Service of Process
An appeal shall be commenced by service of process within fifteen days from the date that the commission's notice of decision is published. General Statutes § 8-8 (b). The Commission published notice of its decision regarding Excelsior's application on June 9, 2000 (ROR, Copy of Notice of Publication); and Excelsior commenced this appeal by service of process twelve days later on June 21, 2000. Further, an appeal shall be commenced by leaving the process with, or at the abode of, the clerk or chairman of the commission, and with the clerk of the municipality. General Statutes § 8-8 (e). The sheriff's return indicates that service was made by personal service on both the town clerk and the chairman of the Commission. Accordingly, the court concludes that this appeal was timely served upon the proper parties.
 SCOPE OF REVIEW
At the outset, we note that "[a] municipal planning commission, in exercising its function of approving or disapproving any particular subdivision plan, is acting in an administrative capacity and does not function as a legislative, judicial or quasi-judicial agency, which would require it to observe the safeguards, ordinarily guaranteed to the applicants and the public, of a fair opportunity to cross-examine witnesses, to inspect documents presented, and to offer evidence in explanation or rebuttal and of the right to be fully apprised of the facts upon which action is to be taken, as exemplified in such cases asParish of St. Andrew's Protestant Episcopal Church v. Zoning Board ofAppeals, 155 Conn. 350, 232 A.2d 916 (1967), and Wadell v. Board of ZoningAppeals, 136 Conn. 1, 68 A.2d 152 (1949). See 2 Am.Jur.2d, Administrative Law, § 403. The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. Langbein v. Planning Board, 145 Conn. 674, 679, 146 A.2d 412
(1958). "If it does not conform as required, the plan may be disapproved." Forest Construction Co. v. Planning Zoning Commission,155 Conn. 669, 675, 236 A.2d 917 (1967). In reviewing the action of a planning commission regarding a subdivision application, a trial court will not substitute its judgment for that of the commission. Weatherlyv. Town Plan Zoning Commission, 23 Conn. App. 115, 119, 579 A.2d 94
(1990). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the CT Page 12174 decision reached. . . . The action of the commission should be sustained if even one of the stated reasons is sufficient to support it. . . . The evidence, however, to support any such reason must be substantial. . . ." (Citations omitted; internal quotation marks omitted.) Property Group,Inc. v. Planning Zoning Commission, 226 Conn. 684, 697, 628 A.2d 1277
(1993).
"The trial court can sustain the [plaintiff's] appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal . . . (Citations omitted; internal quotation marks omitted.) Gorman Construction Co. v. Planning Zoning Commission,35 Conn. App. 191, 195, 644 A.2d 964 (1994).
"Under this traditional and long-standing scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision." Caserta v. Zoning Boardof Appeals, 226 Conn. 80, 87, 626 A.2d 744 (1993). "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals,233 Conn. 198, 206, 658 A.2d 559 (1995).
 II DISCUSSION
Excelsior, in the present appeal, argues that a review of the record establishes that Excelsior complied with all the provisions of the regulations necessary for the Commission's approval of its application.
Excelsior argues that granting conditional approval for its subdivision application is authorized by § 4.02.110 of the Newtown subdivision regulations and by General Statutes §§ 8-25 and 8-26, that it is standard procedure for the Commission to grant conditional approval where a proposed subdivision abuts on a private road, and that the Commission acted unreasonably in failing to grant conditional approval in this case. Excelsior further argues that the Commission's interpretation of § 4.02.110 is unreasonable.
Conversely, the Commission argues that it properly denied Excelsior's application because § 4.02.110 unambiguously prohibits the subdivision of a lot by way of a private road, and that General Statutes §§ 8-25
and 8-26 do not authorize the conditional approval Excelsior proposes. The Commission also argues that Excelsior may not challenge the validity of a subdivision regulation on the appeal from the denial of a subdivision permit. CT Page 12175
The court agrees with the Commission for reasons stated herein.
 A
A review of the record supports the Commission's conclusion. Further, the record is devoid of any evidence to support Excelsior's position on appeal that it complied with all of the provisions of the applicable Regulations.
Citing Carpenter v. Planning Zoning Commission, 176 Conn. 581,409 A.2d 1029 (1979). Excelsior argues that General Statutes § 8-26
authorizes the approval of a condition that is within the control of the applicant. Although it is true in a narrow set of circumstances that a planning and zoning commission may grant conditional approval for a subdivision application where the condition is within the control of the applicant, the Commission could not do so here. The reliance on Carpenter
here is misplaced. In Carpenter, the court decided that the Commission's conditional approval of a subdivision plan was tantamount to a failure to act since § 8-26 only authorizes a Commission to "approve, modify and approve, or disapproves' any subdivision or resubdivision application.
"Nothing in the subdivision approval statute, § 8-26, allows for the imposition of conditions upon the planning and zoning commission's approval of a subdivision plan; the statute merely provides for the commission to "approve, modify and approve, or disapprove' a subdivision application." Carpenter v. Planning Zoning Commission, supra, 592. A planning and zoning commission is authorized by § 8-26 to modify a subdivision plan, but conditional approvals are not authorized. Id. To avoid elevating semantics over substance, the Appellate Court has held that "it is the nature of the underlying action taken by the planning commission that will determine its legality, not whether it is phrased in terms of a `modification' or `conditional approval.'" (Emphasis in original.) Moscowitz v. Planning Zoning Commission, 16 Conn. App. 303,311, 547 A.2d 569 (1988).
General Statutes § 8-25 authorizes a planning and zoning commission to attach conditions or modifications to a subdivision plan that bear a rational relation to the public health, safety and welfare, if the conditions or modifications are part of the commission's regulations.Nicoli v. Planning Zoning Commission, 171 Conn. 89, 96, 368 A.2d 24
(1976); Shailer v. Planning Zoning Commission, 26 Conn. App. 17, 28,596 A.2d 1336 (1991). The Commission could not condition subdivision approval on a contingency that is not within the control of either the Commission or the applicant. Carpenter v. Planning Zoning Commission, supra, 176 Conn. 597. The sole exception to this rule is that a CT Page 12176 commission may grant an application subject to the condition that it be approved by a coordinate town agency, where the approval of the coordinate agency is reasonably likely. Id. Because acceptance of Alpine Circle as a public road is not within the control of either Excelsior or the Commission, and there is no evidence that acceptance is reasonably likely, this exception does not apply.
"A municipality may deny a subdivision application because there is no public road to provide access to the proposed subdivision; it may, therefore, prevent development where the subject property has not been served by a public road. Nicoli v. Planning Zoning Commission,171 Conn. 89, 368 A.2d 24 (1976). Excelsior attempted to circumvent this problem by attempting to get Alpine Circle improved and accepted as a town road. That did not occur, however, by the time the Commission was required to decide the application, although that time was extended by Excelsior's agent. The agreement with the Board of Selectmen for improving the private road could not satisfy the subdivision regulations and hence was not sufficient for the Commission to modify and approve Excelsior's application.
Changing the status of a road from private to public is a two step process, dedication and acceptance. For a roadway which is laid out over private lands to become, through means other than eminent domain proceedings, a "highway" within the meaning of the statutes and case law, it is essential that there have been both a dedication by the fee owner of that roadway to public use and acceptance by the public or by some public authority. What constitutes dedication and how acceptance is manifested are questions of fact. DiCioccio v. Wethersfield, 146 Conn. 474
(1959); Whippoorwill Crest Co. v. Stratford, 145 Conn. 268, 141 A.2d 241
(1958). Meder v. Milford, 190 Conn. 72, 74, 458 A.2d 1158 (1983). This two step process requires: "(1) a manifested intent by the owner to dedicate the land involved for the use of the public; and (2) an acceptance by the proper authorities or by the general public." Id. Therefore, here the owner or owners[3] of Alpine Circle must dedicate the property to the town, and too, the proper town authorities must accept it. The record contains no evidence that the owner or owners of Alpine Circle dedicated the road to the town, or that the owner or owners would consent to dedicating Alpine Circle to the town. Without a dedication, there can be no acceptance of Alpine Circle as a town road.[4] Therefore, securing public road status for Alpine Circle is not within the control of Excelsior or the Commission. That the Newtown board of selectmen issued a work order to Excelsior to construct the necessary improvements to make Alpine Circle a public road does not amount to an acceptance of Alpine Circle as a public road. Because the dedication and acceptance of Alpine Circle is not within the control of Excelsior or the Commission, the Commission was not authorized to approve the subdivision subject to such a condition, as Excelsior maintains. CT Page 12177
Excelsior also argues that it is standard procedure for the Commission to grant conditional approval for subdivision applications that abut on private roads. Excelsior does not support this claim with any evidence or case law.
 III
Finally, Excelsior argues that the Commission's interpretation of § 4.02.110 is unreasonable.
The motion disapproving the application states:
 "BE IT RESOLVED by the Newtown Planning and Zoning Commission that the application of Excelsior, Inc. for an 8 lot resubdivision as shown upon a certain map entitled "Old Wagon Estates Subdivision Map prepared for Excelsior, Inc., Alpine Circle, Newtown, Connecticut,' scale 1"=50' dated November 1, 1999 and revised February 8 and 14, 2000 for property located on the Assessor's Map #43, Block #20, Lots #139 and 140 SHALL BE DISAPPROVED for the following reason: The application does not meet Section 4.02.110 of the Subdivision Regulations." (ROR, Item 10, pp. 2-3.)
 Sections 4.02.100 and 4.02.110 of the subdivision regulations reads, in pertinent part, as follows: 4.02.100 No land shall be subdivided nor final approval given until or unless: 4.02.110 The right of way of the existing street or streets which provide frontage to proposed lots or access for proposed streets [is] one which has been established as a Town street or State highway, and the right of the Public to use said street shall not have been lost by abandonment. Subdivision of land on private streets. roads or rights of way is prohibited." (Emphasis added.) (ROR, Item 70; Newtown Subdivision Regs., p. 17.)
It is undisputed that Alpine Circle is a private road: That, as proposed, the sole means of access to the subdivision would be this private dead-end road abutting the proposed subdivision known as Alpine Circle.
Excelsior argues that the Commission's interpretation contravenes the CT Page 12178 purpose of General Statutes § 8-25, and that if the Commission's interpretation stands, no land abutting a private road can be subdivided in Newtown. The Commission counters that § 4.02.110 is unambiguous, and this court cannot engraft new provisions into it. See Lauer v. ZoningCommission, 220 Conn. 455, 468, 600 A.2d 310 (1991) ("[t]he courts cannot, by construction, read into statutes provisions which are not clearly stated." (Internal quotation marks omitted.)). Moreover, a subdivision applicant cannot challenge the validity of a subdivision regulation on appeal from the disapproval of its application. Cristofarov. Planning Zoning Commission, 11 Conn. App. 260, 263, 527 A.2d 255
(1987); see also Samperi v. Planning Zoning Commission,40 Conn. App. 840, 848-49, 674 A.2d 432 (1996).
A subdivision regulation must be interpreted in light of our ordinary rule that "[w]here the language of the statute is clear and unambiguous, the courts cannot, by construction, read into statutes provisions which are not clearly stated." Point O'Woods Assn., Inc. v. Zoning Board ofAppeals, 178 Conn. 364, 366, 423 A.2d 90 (1979); see also Roraback v.Planning Zoning Commission, 32 Conn. App. 409, 413-14, 628 A.2d 1350, cert. denied, 227 Conn. 927, 632 A.2d 704 (1993). "A zoning ordinance is a local legislative enactment, and in its interpretation the question is the intention of the legislative body as found from the words employed in the ordinance. . . . The words employed are to be interpreted in their natural and usual meaning." (Citations omitted; internal quotation marks omitted.) Harlow v. Planning Zoning Commission, 194 Conn. 187, 193-94,479 A.2d 808 (1984). The court concludes that § 4.02.110 of the Newtown subdivision regulations is unambiguous and does not lend itself to another interpretation nor does the record reveal that the Commission acted in an arbitrary, unreasonable or illegal manner. GormanConstruction Co. v. Planning Zoning Commission, supra, 195.
 CONCLUSION
For the foregoing reasons, this appeal is hereby dismissed.
Holden, J.